A91A0573. DAVIS v. THE STATE.
(406 SE2d 555)

COOPER, Judge.

Appellant was charged and convicted of violating the Georgia Controlled Substances Act (two counts) and various traffic offenses. He was sentenced to life imprisonment pursuant to OCGA § 16-13-30 (d) for a conviction of possession of cocaine with intent to distribute and received four 12-month sentences for the remaining drug count and each of the traffic offenses. He appeals his conviction and life sentence raising five enumerations of error.

While on routine patrol in a marked police car, an officer observed a car travelling without taillights. He turned on his blue lights

and siren and attempted to stop the vehicle; however, the car sped up. The officer chased the car for approximately three-quarters of a mile, reaching speeds up to 60 mph in a 35 mph zone, until the vehicle finally stopped, and appellant jumped out of the driver's side and approached the officer at the rear of the car. The officer requested appellant's driver's license and proof of insurance, which were in the glove compartment. When appellant opened the passenger-side door to get the documents, a glue tube containing six small pieces of crack cocaine and several plastic bags containing marijuana fell out of the car and onto the ground. Appellant and a passenger, who was seated in the front seat, were arrested and tried jointly.

1. Appellant enumerates as error the trial court's failure to grant his motion in limine and the admission of his prior conviction of possession of cocaine with intent to distribute. " 'Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact.' [Cit.] Before such evidence may be admitted, however, there must be evidence the defendant was the perpetrator of the independent crime and sufficient similarity or connection between the independent crime and the offense charged that proof of the former tends to prove the latter. [Cit.] Under the circumstances of this appeal, these conditions were satisfied, and the trial court did not err by admitting this evidence." *Harris v. State*, 196 Ga. App. 796 (4) (397 SE2d 68) (1990).

2. In his second and third enumerations of error appellant contends the trial court erred in allowing the arresting officer to testify regarding his approximately 30 prior drug arrests, in qualifying the officer as an expert witness on the "uses and activities of drugs on the street and how they are dealt" and in allowing the officer to state his opinion as to the amount of cocaine a person could possess for distribution purposes. The officer testified, based upon his training and experience working on the street, that the amount of cocaine discovered would generally be for distribution, as opposed to personal use. Appellant maintains that the question of whether the six pieces of crack cocaine were for personal use or distribution was not beyond the ken of the average layman and that although the jury was charged on both simple possession and possession with intent to distribute, such testimony was an improper statement of the ultimate fact which invaded the province of the jury and led the jury to convict on the greater offense. We disagree.

" ' "To qualify as an expert . . . generally all that is required is that a person must have been educated in a particular skill or profession: his special knowledge may be derived from experience as well as study. (Cits.) Formal education in the subject at hand is not a prerequisite for expert status." [Cits.]' [Cit.] 'It is a matter within the sound

discretion of the trial judge as to whether a witness has such learning and experience in a particular area to be deemed expert. [Cit.]' [Cit.]" *Washington v. State*, 194 Ga. App. 756 (1) (391 SE2d 718) (1990). The officer's testimony that he was a 13-year veteran with the City of Quitman Police Department, having made between 20 and 30 drug arrests, received additional training and instruction about drugs and participated in various undercover operations, was relevant and sufficient as a foundation for the officer's designation as an expert on the subject of the street sale of drugs. Therefore, we find no abuse of discretion in the admission of the officer's testimony regarding his prior drug arrests or in his qualification as an expert.

We also find no error in the admission of the opinion testimony. " 'Expert opinion testimony on even the ultimate issue is admissible where the conclusion of the expert is one beyond the ken of the average layman.' [Cit.]" *Harwood v. State*, 195 Ga. App. 465 (1) (394 SE2d 109) (1990). We must note that having reviewed the officer's testimony, it is clear that his statements were general in nature and did not state an opinion as to the ultimate issue, that the amount of cocaine discovered was for purposes of distribution. Moreover, unlike OCGA § 16-13-31, in which the requisite quantity and purity of cocaine which authorizes a conviction of trafficking in cocaine is specified in the statute, OCGA § 16-13-30 sets forth no quantities to distinguish mere possession and distribution. In our view, knowledge of the amount of crack cocaine one would generally possess for personal use or the amount which might evidence distribution is not necessarily within the scope of the ordinary layman's knowledge and experience. Therefore, the testimony was properly admissible under OCGA § 24-9-67. See *Harwood*, supra.

3. Appellant contends the trial court erred in overruling his motion for directed verdict on the grounds of insufficiency of the evidence as to possession of cocaine with intent to distribute. However, there was ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of all the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Finally, appellant enumerates as error the imposition of a life sentence pursuant to OCGA § 16-13-30 (d). This enumeration is without merit. The record reflects that in an earlier appearance in Brooks County Superior Court, the court accepted appellant's guilty plea to the charge of possession of cocaine with intent to distribute (OCGA § 16-13-30 (b)) and entered a conviction and sentence thereon. Appellant was represented by counsel and was advised of his rights and the consequences of such a plea. OCGA § 16-13-30 (d) makes the imposition of a life sentence mandatory upon a second conviction of OCGA § 16-13-30 (b). Therefore, the trial court did not err in sentencing

appellant to imprisonment for life.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 11, 1991.

*H. B. Edwards III*, for appellant.

*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.