## A91A2250. HAYES v. THE STATE.
(417 SE2d 45)

JOHNSON, Judge.

Tommy Ray Hayes was convicted of possession of cocaine with intent to distribute and his motion for new trial was denied. He appeals, contending that the evidence was insufficient to authorize the verdict of guilty. The state presented the testimony of three special agents of the Valdosta/Lowndes County Drug Unit, who while on duty observed Hayes outside a place known as the Hill Street Booze. Hayes was standing close to another black male with his arm outstretched, palm upward. The other man was looking at his upturned, outstretched palm. The officers testified that this behavior was known to the officers to be consistent with the distribution of crack cocaine. When the two men saw the officers watching them they ran off in different directions, pursued by the agents. Hayes ran inside the Hill Street Booze with Agent Winningham directly behind him, and threw what he was holding in his hand into a trash can. Agent Winningham

retrieved from in and around the trash can the objects he saw Hayes throw, consisting of seven pieces of a substance which was later determined by the state crime lab to be crack cocaine. Agent Winningham testified that for personal use rather than distribution a person normally has only one or two pieces in his possession.

Hayes testified at his trial that he had been waiting to shoot pool inside the Hill Street Booze for more than five to ten minutes prior to the time Agent Winningham came in and told him he was being arrested for obstruction. He was taken outside and kept there for several minutes before another officer came out with the trash can in which the cocaine was found, and then was informed he was being arrested for possession of cocaine.

The quantity of the cocaine possessed and the activity in which the officers observed the appellant engage were sufficient to show intent to distribute. This court does not weigh the evidence. Questions of the weight to be given evidence and to the credibility of witnesses are solely for the jury. The evidence at Hayes' trial was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. See *Stewart v. State*, 199 Ga. App. 157, 158 (1) (404 SE2d 461) (1991). See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, P. J., and Beasley J., concur.*

DECIDED MARCH 17, 1992.

*James F. Council, Jr.*, for appellant.
*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.