## A93A0011. HESLER v. THE STATE.
### (431 SE2d 138)

POPE, Chief Judge.

William LeRoy Hesler appeals his conviction of child molestation.

1. Hesler contends the evidence was insufficient to support the jury's verdict. The State showed that Hesler, who had been married to the six-year-old victim's great-grandmother, had been invited by the victim's parents to live with them after his wife died. Hesler was accepted as a member of the family and the victim called him "Paw-Paw." The mother worked a night shift, and while she slept during the day Hesler would watch the child. On the afternoon of August 5, 1991, the mother was awakened by the sound of her daughter crying and found her on the living room couch curled up in a fetal position. The child was very upset, and when the mother asked what had happened, she spread her legs out, pointed to her vagina and said, "Paw-Paw hurt me with his hand."

The mother went to Hesler's room to confront him, but was unable to wake him up. Although the mother did not allow Hesler to drink hard liquor in the house, she found an almost empty liquor bottle hidden in his dresser drawer. The mother called authorities, but before they arrived the child's father returned home and bodily threw Hesler out of the house, where he was arrested. The child was first taken to a local hospital and examined, then questioned by the police. Although the medical examination showed no signs of physical injury, the emergency room physician testified that the fondling described by the child would not leave any bruising or tears on the genitalia, and he found no reason to doubt her statements. During questioning by the police the child revealed that Hesler had previously molested her in the same manner on another occasion when she was staying at her great-grandmother's home. Both her conversation with the doctor and the videotaped police interrogation were consistent with the child's statements to her mother.

At trial the child testified that while her mother was asleep she went into Hesler's room to ask him to get her some lunch. Hesler was drinking something from a bottle that was "kind of yellow" colored and was "bad stuff for your body." He did not say anything to her,

but he put his hand inside her panties on her "bottom private," which she described as between her legs and below her belly button, and hurt her with his finger. She started crying and told him to stop, and when he refused she ran from the room. Hesler testified that he drank almost a pint of liquor that day. He claimed that his great-granddaughter came into his room and started making a lot of noise jumping on the bed, which disturbed him; and when he told her to be quiet she got mad at him and ran and told her mother he had molested her, although he had not even touched her.

Reviewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found the defendant guilty of child molestation beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Minton v. State*, 205 Ga. App. 430 (422 SE2d 300) (1992).

2. We reject Hesler's argument that the trial court erred in ruling that the six-year-old child was competent to testify because it is not clear from her testimony that she understood the obligation of telling the truth or that she comprehended why she was in court. Pursuant to Georgia law, a victim in a child molestation case is competent to testify and the witness' credibility is a matter for jury determination. OCGA § 24-9-5 (b).

3. Hesler argues the trial court erred in permitting the emergency room physician who examined the child to testify to his conclusion concerning whether the child had been fondled or touched in the vaginal area and in failing to instruct the jury concerning the manner in which expert testimony is to be considered. The record shows defendant stipulated to the witness' qualifications as an expert in emergency room medicine. Although no objection was raised at trial, on appeal defendant argues the evidence did not show the witness was qualified to testify concerning child molestation. The record shows, however, that the witness testified he was experienced in conducting vaginal examinations of children. The witness was questioned about his examination of the child and whether physical observations he made during his medical examination of the child were consistent with the history supplied to him by the child and the child's mother that the defendant had touched or fondled her in her vaginal area. After setting forth this foundation, the witness testified he concluded the child had been fondled or touched by the defendant's hand. Thus, the witness' opinion was admissible as a medical opinion and was not inadmissible as a legal conclusion. See *State v. Butler*, 256 Ga. 448 (349 SE2d 684) (1986).

Defendant did not request a charge to the jury concerning the consideration to be given to expert testimony and thus the trial court's failure to give such a charge does not provide a ground for reversal. We reject defendant's argument that OCGA § 5-5-24 (c)

provides a ground for reversal in this case.

4. During voir dire a prospective juror volunteered the information that his niece and daughter "had been involved in" an alleged child molestation case two weeks previously. The trial court asked him if he thought that would impact on his ability to serve as a juror and affect the way he might consider the evidence presented in the case, and he responded that he did not think so. When the court then asked if he could make his decision strictly upon the evidence presented and the judge's instructions on the law, the venireman answered affirmatively. Hesler contends that the trial court committed reversible error by allowing this discussion to be heard by the rest of the jury panel without any cautionary instructions to preclude their being influenced thereby, as it could only add to the perception that child molesters are everywhere and violated the mandate of OCGA § 17-9-20 that only sworn testimony may be used to support a verdict. No error is shown. Defendant made no objection and requested no curative instructions. Moreover, the trial court gave adequate pre- and post-evidentiary instructions to the jury concerning defendant's presumption of innocence, the burden of proof and what constitutes evidence in the case.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED APRIL 19, 1993.

*Farless & Newton, Floyd H. Farless*, for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.