A93A0507. CURTIS v. THE STATE.
(431 SE2d 719)

BLACKBURN, Judge.

The appellant, Genard Curtis, was convicted of possession of cocaine with the intent to distribute. His sole contention on appeal is that the evidence was insufficient to support his conviction.

During the early morning hours of March 13, 1991, a Camden County deputy sheriff stopped an automobile for speeding, heading south towards Florida. The vehicle was driven by an individual named Mark Best, and Curtis was a passenger. Initially, the deputy intended to issue a courtesy warning, but when he discovered that Best's driver's license was suspended, he detained them while the proper paperwork could be brought to the scene to serve Best with notice of license suspension.

As they waited, the deputy conversed with Best and Curtis, and, because of inconsistent statements about what their plans were, he requested and received permission to search the vehicle. During that search, the deputy found in the glove compartment receipts for three money orders totalling $3,700 that had been sent to Nathaniel Jeff in Miami, Florida, in February 1991. In the trunk of the car, the deputy observed three false partitions, behind which he found a .25 caliber pistol and a zippered bank envelope which contained 16 pieces of crack cocaine. He then placed both Best and Curtis under arrest.

Later that day, Curtis gave an inculpatory custodial statement to a special agent with the Georgia Bureau of Investigation, in which he admitted that he had wired the money orders to his cousin, Nathaniel Jeff, in Miami for the purchase of crack cocaine. Curtis, however, denied having any knowledge of the cocaine in the trunk of the car.

At the trial, Curtis testified that he and Best had been traveling to visit his cousin in Jacksonville, Florida, when they were stopped for speeding. He denied knowing about the cocaine in the trunk of the car, and admitting to the GBI agent that he had wired the money to his cousin in Miami to buy crack cocaine. Rather, he claimed that he sent his cousin the money to help out with medical expenses. Upon cross-examination, when asked how he could afford to send his cousin $3,700 on his $120 per week salary, he stated that he merely had returned his cousin's money to him. He explained that the money actually was connected with an unspecified local business of that cousin, and had been delivered to him by another individual whom he would

not identify. He acknowledged that he had sent all of the money, despite Best's name being on one of the money order receipts. Curtis also testified that the deputy sheriff found the money order receipts in his pouch, and not the glove compartment.

Curtis contends that there is no evidence that connects him to the cocaine that was found in the trunk of the car in which he was merely a passenger. Acceptance of that contention, however, requires blind acceptance of his testimony over the conflicting testimony of the GBI agent who recounted Curtis' inculpatory statement, and the various inferences arising from the circumstances that implicated him in a joint effort to possess the cocaine that was found in the car's trunk.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]" *Plumm v. State*, 201 Ga. App. 154, 155 (410 SE2d 352) (1991). Viewing the evidence in the light most favorable to uphold the jury verdict in this case, we find the evidence sufficient to authorize a rational trier of fact to find Curtis guilty beyond a reasonable doubt of possession of cocaine with the intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 25, 1993.

*Clyde M. Urquhart*, for appellant.
*W. Glenn Thomas, Jr., District Attorney, C. Keith Higgins, Assistant District Attorney*, for appellee.