## A94A1687. JAMES v. THE STATE.
(449 SE2d 126)

JOHNSON, Judge.

Ronald James appeals his conviction of possession with intent to distribute cocaine for which he was sentenced to life in prison. In response to a telephone tip from an undisclosed source, four police officers traveled to a rural area and found James standing in front of a car which matched the description given by the informant. When police drove up and asked James to come over and talk to them, he fled, dropping a clear plastic bag containing 1.2 grams of cocaine. A subsequent search of the car revealed an amber pill bottle containing residue identified as cocaine.

1. Giving deference to James' status as a pro se appellant, we construe his first enumeration of error as an assertion that there was insufficient evidence of his intent to distribute the cocaine to support the conviction. A review of the transcript reveals only two references which suggest distribution. The state, in its brief, asserts that the dispatcher received a telephone call informing him that James was in the McCrayville area selling drugs. In fact, the dispatcher's testimony regarding the telephone call does not mention any sale of drugs. A subsequent witness, the arresting officer, testified that the dispatcher had told a third police officer "about somebody selling drugs in the McCrayville area." Even if this comment is construed as admissible double hearsay, in that it explained the conduct of the police in going to McCrayville, it is not probative and cannot be considered for the truth of the statement. The jury was so instructed by the trial court.

See *State v. Speir*, 189 Ga. App. 254, 255 (2) (375 SE2d 298) (1988). The second reference to distribution is found in the testimony of the arresting officer who was asked whether, in his opinion, the 1.2 grams of cocaine found in a bag dropped by James would be an amount normally held by a user. He responded that it would not, raising an inference that it would be an amount held by someone engaged in selling drugs.

"[M]ere possession of contraband without more will not serve as the basis for a conviction for possessing contraband for purposes of sale. [Cit.]" *Wright v. State*, 154 Ga. App. 400, 401-402 (1) (268 SE2d 378) (1980). OCGA § 16-13-31 sets forth specific quantity and purity requirements of cocaine necessary to authorize a conviction of trafficking in cocaine. OCGA § 16-13-30, however, has no such quantitative or qualitative guidelines for differentiating between mere possession and possession with intent to distribute cocaine. We have reviewed several previous decisions of this court which have addressed the issue of the sufficiency of the evidence of the intent to distribute element of the offense, in an effort to ascertain what has been deemed to be sufficient evidence to support a conviction of possession with intent to distribute cocaine. In *Wright*, supra, a scale, plastic bags, coin envelopes and cash found on the appellant's dresser were held to be sufficient indicia of intent to sell marijuana. In *Williams v. State*, 199 Ga. App. 544 (405 SE2d 539) (1991), cocaine was divided between more than 30 small glassine or clear plastic packages, this court held that the manner of packaging authorized an inference that appellant intended to distribute the contraband. In *Sams v. State*, 197 Ga. App. 201 (397 SE2d 751) (1990), evidence was presented regarding previous sales of cocaine made by appellant on the day of his arrest. Scales, drug paraphernalia, baking soda for cutting the cocaine, and a large amount of cash primarily in $20 bills were also found in appellant's possession. Finally, in *Davis v. State*, 200 Ga. App. 44, 45 (2) (406 SE2d 555) (1991), evidence of a prior conviction of possession of cocaine with intent to distribute was introduced as a similar transaction. Additionally, the arresting officer in *Davis* was qualified as an expert witness on the "uses and activities of drugs on the street and how they are dealt." As an expert he was allowed to give his opinion that possession of six pieces of crack cocaine would generally be for distribution, as opposed to personal use. In all of these cases, competent evidence was offered which linked the possession of the cocaine to the enterprise of sale.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence." (Punctuation omitted.) *Curtis v. State*, 208 Ga. App. 720, 721 (431 SE2d 719) (1993). Even viewing the evidence in this light, here the only evidence presented purporting to establish

that James intended to distribute cocaine was the reference to a hearsay tip from an unidentified source that James was selling drugs and the opinion testimony of the arresting police officer, not qualified as an expert, that 1.2 grams of cocaine would not normally be an amount held by a user. This comment was not linked to James or to the events leading to James' arrest. While the evidence would clearly support a conviction on a charge of possession of cocaine, it is not sufficient to support the conviction of possession with intent to distribute. There being no other evidence in this record which would support a conviction of possession of cocaine with intent to distribute, James' conviction must be reversed.

2. In light of our holding in Division 1, we need not reach James' other asserted errors.

*Judgment reversed. Pope, C. J., Birdsong, P. J., Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., Beasley, P. J., and Andrews, J., dissent.*

BEASLEY, Presiding Judge, dissenting.

The judgment of conviction must be affirmed because we cannot weigh the evidence or judge the credibility of witnesses. *Curtis v. State*, 208 Ga. App. 720, 721 (431 SE2d 719) (1993).

Of course, the telephone tip, even if it may be inferred to have advised that defendant was selling drugs because this is what was relayed to the drug squad, was not probative of defendant's intent, as the majority reasons. Its source was not even identified, much less subject to cross-examination on the issue of what defendant was doing when the police arrived.

The testimony of the arresting officer did qualify, however, as expert opinion. The officer had been on the drug squad for two years and had been involved in "probably over 150 or 200" drug arrests. About 95 percent of them involved cocaine. He explained how, based on his experience, he determines the street value of cocaine. He gave his opinion that the two smaller pieces in this case would probably be $20 pieces and the large piece $100 or $150. He also testified that in his experience, the amount of cocaine in the bag in this case would not normally be held by a user.

Although the court did not expressly qualify the witness as an expert under OCGA § 24-9-67, the court permitted the opinion on the basis that the underlying facts on which it was based were given. OCGA § 24-9-65. See *Peterson v. RTM Mid-America*, 209 Ga. App. 691, 692 (1) (434 SE2d 521) (1993). Opinion of the type given by the officer was qualified as expert testimony in *Davis v. State*, 200 Ga. App. 44, 45 (2) (406 SE2d 555) (1991). Here, the officer's experience, which was greater than that in *Davis*, qualified him as an expert, and the court charged the jury on expert testimony, stating that such had

been given in this case. The court did not confine this instruction to the scientific evidence of the nature of the substances seized and of defendant's urinalysis results, the latter of which was negative for cocaine. The court did not expressly qualify these witnesses as experts either, see *Hudson v. State*, 175 Ga. App. 692, 693 (4) (334 SE2d 20) (1985), so the charge was not limited to their testimony.

I conclude that the officer's opinion testimony that the three pieces of crack cocaine of a total value of $140-$190 would not normally be held by a user, together with all of the other circumstances, was sufficient to prove beyond a reasonable doubt that defendant possessed cocaine with intent to distribute it.

I note that the jury gave particular attention to this element of the case. Within 20 minutes of beginning its deliberations, it sought additional instructions on the definition of intent, the absence of evidence, and what there must be to prove intent.

I am authorized to state that Presiding Judge McMurray and Judge Andrews join in this dissent.

DECIDED SEPTEMBER 9, 1994 —
RECONSIDERATION DISMISSED OCTOBER 5, 1994.

*Ernie M. Sheffield,* for appellant.
Ronald James, *pro se.*
*J. Brown Moseley, District Attorney, Robert R. Auman, Assistant District Attorney,* for appellee.