A95A1815. DYER v. THE STATE.
(463 SE2d 718)

JOHNSON, Judge.

After a bench trial, Austin Dyer was found guilty of possession with intent to distribute an imitation controlled substance. He appeals from his conviction and the denial of his motion for new trial.

1. Dyer contends that the evidence was insufficient to authorize a finding of intent to distribute. We agree and reverse. Viewed in a light most favorable to the verdict, the evidence shows that police officer J. E. Fox was parked in front of a Waffle House restaurant in a known drug area at 12:30 a.m. Fox testified that three unidentified people approached him and reported that an African-American male on a bicycle had attempted to flag them down. None of them knew what he wanted. A person matching that description rode into the parking lot, went into the restaurant and came out with a garbage bag which contained ice. Fox knew from past experience that the man's name was Dyer, although he did not say what type of prior contact he had with Dyer. Fox asked Dyer what he was doing out at that time of night, to which Dyer responded that he was getting some ice. Fox then patted Dyer down and felt several small, hard objects in his pocket, which Fox believed were pieces of crack cocaine. The substance was later determined to be small chips of marble rock. At Fox's request, Dyer emptied his pockets, revealing one clear plastic bag, several empty small, green plastic bags and several white marble chips. Though Fox's testimony is unclear on this issue, apparently some of the marble chips were loose in Dyer's pocket and some were in the clear bag. The small bags were empty. There is no indication in the record that Dyer had any money or other objects in his possession.

As Dyer points out, "[t]o support a conviction for possession of [contraband] with intent to distribute, the State is required to prove more than mere possession. [Cits.]" (Punctuation omitted.) *Sims v. State*, 213 Ga. App. 151, 153 (3) (444 SE2d 121) (1994). In *James v. State*, 214 Ga. App. 763, 764 (1) (449 SE2d 126) (1994), we surveyed recent cases in order to determine what type of evidence is needed to prove an intent to distribute. We noted that a scale, plastic bags, coin

envelopes and large sums of cash indicated an intent to sell marijuana; division of cocaine between 30 packages authorized a finding of intent to distribute; scales, drug paraphernalia, baking soda, a large amount of cash and prior drug sales indicated intent and a prior possession with intent to distribute conviction along with expert testimony as to whether the amount of crack recovered would generally be for distribution amounted to proof of intent. Based on those cases, we held in *James* that the State failed to prove that the defendant, who dropped a plastic bag containing 1.2 grams of cocaine and in whose car officers found a pill bottle containing cocaine residue, intended to distribute the drugs. By comparison, in *Palmer v. State*, 210 Ga. App. 717 (437 SE2d 490) (1993), we held that a rational trier of fact was authorized to find intent to distribute where the defendant possessed nine rocks of crack cocaine, claimed to be smoking them himself though he had no smoking device in his possession, and where an expert testified that someone with that amount of crack cocaine had it for the purpose of distributing it.

In its brief, the State argues that it proved an intent to distribute by the fact that Dyer possessed several small plastic bags along with the contraband and that he attempted to flag down three cars. First, there is no competent evidence that Dyer attempted to flag down cars. The only testimony on that issue came from Fox, who stated that three unidentified people told him that someone had attempted to flag down their cars. Dyer made a hearsay objection to the testimony, and the trial court properly ruled that the testimony was admissible only for the purpose of explaining Fox's conduct. It was not admissible as evidence that Dyer was attempting to flag down cars or as any other indicia of Dyer's guilt. See *Lynch v. State*, 164 Ga. App. 317, 319 (3) (296 SE2d 179) (1982).

The only other evidence relied upon by the State, that Dyer possessed several small plastic bags along with the marble chips, is not sufficient to support a possession with intent to distribute conviction. Fox testified that there was a clear plastic bag, several small, green bags and several marble chips in Dyer's pocket. Other than stating that there were "several" or "a few," Fox did not specify how many marble chips or plastic bags there were. Only one bag had anything in it; the rest were empty. There was no cash, no drug paraphernalia, no expert testimony that the substance was intended for distribution and no testimony from anyone who saw Dyer do anything suspicious. Nor was there any evidence that Dyer had previously been arrested or convicted of any drug offenses. We note that the two cases relied upon by the State do not support its position, because in both of those cases there were stronger indicia of intent to distribute. See *Wright v. State*, 154 Ga. App. 400 (1) (268 SE2d 378) (1980), where police found two plastic bags containing two pounds of marijuana, a

metric scale, small coin envelopes, plastic bags and large amounts of money stored in cans and boxes. And see *Williams v. State*, 199 Ga. App. 544 (1) (405 SE2d 539) (1991), where the cocaine was divided among more than 30 plastic packages. In the instant case, even viewing the evidence in the light most favorable to the verdict, we cannot conclude that it is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Compare *Polke v. State*, 203 Ga. App. 306, 310 (3) (417 SE2d 22) (1992); *Womble v. State*, 203 Ga. App. 107 (416 SE2d 148) (1992).

2. In light of our holding in Division 1, we do not reach Dyer's remaining enumeration of error.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 1, 1995.

*Scott C. Gladstone*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Cliff Howard, Bernard R. Ussery, Assistant Solicitors*, for appellee.