A95A2551. STEPHENS v. THE STATE.
(467 SE2d 201)

ANDREWS, Judge.

Herman B. Stephens was found guilty by a jury of possession of cocaine with intent to distribute and appeals from the judgment of conviction.

The evidence showed police received an anonymous tip that cocaine was being brought into Americus by car. The tipster described the car, the route it would take, the approximate time it would arrive, and told police Stephens would be driving. Police spotted a car matching the description on the designated route at about the stated time and pursued the car to investigate the tip. While in pursuit of the car, police observed the driver throw an object out the window of the car. Shortly thereafter, the car pulled over and Stephens was identified as the driver and sole occupant of the car. The thrown object retrieved by the police was a bag containing approximately 13 grams of a chunky white substance which the crime lab tested positive for cocaine.

In addition to evidence showing Stephens possessed the cocaine, the State introduced opinion testimony from a police officer that the quantity of cocaine found in the bag was more than usually possessed for personal use and therefore was possessed for sale. The officer also testified that, although he had known Stephens for three years, he had no knowledge as to whether or not he was known as a drug user.

On appeal, Stephens claims: (1) the evidence was insufficient to support the conviction; (2) the State improperly injected his character into evidence; and (3) the trial court improperly imposed a life sentence. An enumeration of error claiming ineffective assistance of counsel was abandoned.

1. The evidence was clearly sufficient to prove beyond a reasonable doubt that Stephens possessed the cocaine found in the bag thrown from the car he was driving. However, mere possession of cocaine, without more, will not support a conviction for possession with intent to distribute. *Wright v. State*, 154 Ga. App. 400, 401-402 (268 SE2d 378) (1980). We have considered various kinds of additional evidence as proof of intent to distribute, including drug measuring and weighing paraphernalia, the packaging of the contraband, possession of certain amounts or denominations of currency, a prior possession with intent to distribute conviction, and expert testimony that the amount of contraband possessed was consistent with larger amounts usually held for sale rather than for personal use. *James v. State*, 214 Ga. App. 763, 764 (449 SE2d 126) (1994); *Anderson v. State*, 215 Ga. App. 426, 427-428 (451 SE2d 103) (1994) (physical precedent only).

In the present case, the only evidence offered by the State to show intent to distribute the cocaine was the opinion testimony from the police officer regarding the amount of the cocaine and the same officer's testimony that he knew Stephens but did not know whether or not he used cocaine. As to the opinion testimony, we concluded in *Davis v. State*, 200 Ga. App. 44, 46 (406 SE2d 555) (1991), that "knowledge of the amount of crack cocaine one would generally possess for personal use or the amount which might evidence distribution

is not necessarily within the scope of the ordinary layman's knowledge and experience"; therefore, expert opinion testimony is admissible on this issue under OCGA § 24-9-67. The officer in this case gave his opinion without being tendered or qualified as an expert on the use of illegal drugs. *Davis v. State*, 209 Ga. App. 572, 573 (434 SE2d 132) (1993). This unqualified testimony was not competent evidence of an intent to distribute. *James*, supra at 765; *Newberry v. D. R. Horton, Inc.*, 215 Ga. App. 858-859 (452 SE2d 560) (1994); compare *Stewart v. State*, 246 Ga. 70, 75 (268 SE2d 906) (1980). The officer's additional testimony that he knew Stephens but had no knowledge as to whether or not he was a drug user provided no evidence showing an intent to distribute.[1]

Accordingly, the evidence was insufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to prove Stephens was guilty of possession with intent to distribute. *Dyer v. State*, 218 Ga. App. 879 (463 SE2d 718) (1995). Since the evidence was sufficient to support a conviction for possession of cocaine, the judgment of conviction for possession with intent to distribute is vacated, and the case is remanded with direction that a conviction and sentence be entered for possession of cocaine. *Anderson*, supra at 428.

2. We do not address the remaining enumerations of error concerning the imposition of a life sentence for possession with intent to distribute since that sentence is no longer applicable. We note for purposes of resentencing that the record does not show the State gave Stephens clear pre-trial notice of any evidence it intended to use in aggravation of punishment. Although pre-trial colloquy between the trial court, defense counsel, and the prosecutor shows that defense counsel was aware the State intended to seek a life sentence if Stephens was convicted of possession with intent to distribute, there is no evidence that Stephens had any notice of a prior conviction on which the State intended to rely. Compare *Moss v. State*, 206 Ga. App. 310, 312 (425 SE2d 386) (1992) (oral notice that the State intended to seek a life sentence under recidivist statute was coupled with notice of prior convictions to be introduced as similar transactions). The purpose of giving a defendant pre-trial notice that a conviction will be used in aggravation of punishment and limiting admissibility at the pre-sentencing hearing pursuant to OCGA § 17-10-2 (a)

---

[1] We need not address the issue of whether the officer's testimony about his knowledge of Stephens placed the defendant's character into evidence and, if so, whether Stephens opened the door to this inquiry by prior cross-examination of a police officer regarding the amount of cocaine usually consumed for personal use. The record is clear that, after the State made an offer of proof as to the officer's testimony, defense counsel waived any objection by stating he had no problem with the testimony.

to "only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial . . ." is to give the defendant a chance " ' "to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial." *Herring v. State,* 238 Ga. 288, 290 (232 SE2d 826) (1977).' [Cit.]" *Armstrong v. State,* 264 Ga. 237, 238 (442 SE2d 759) (1994). Accordingly, no evidence in aggravation of punishment is admissible at the pre-sentencing hearing on remand.

*Judgment vacated and case remanded with direction. Blackburn, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED JANUARY 19, 1996.

*Cecilia M. Cooper,* for appellant.
*John R. Parks, District Attorney,* for appellee.