## A96A1761. BACON v. THE STATE.
(483 SE2d 894)

BLACKBURN, Judge.

Nathan Jerome Bacon was convicted by a jury of possession of cocaine with intent to distribute and was sentenced to life in prison. He appeals and in his sole enumeration of error contends that the evidence adduced at trial was insufficient to support the conviction.

The facts show that on August 5, 1994, Bacon was a passenger in a pickup truck being driven by Lucius Charles Walker. After observing allegedly illegal window tinting on the windshield of the pickup, Georgia State Patrolman Johnny Kennedy stopped Walker's vehicle. Bacon exited the vehicle at the request of Officer Rick Rountree, and when he got out of the truck, he was holding a white styrofoam cup and a white paper bag. Bacon showed Rountree that the bag contained a piece of chicken and some napkins.

While the officers were speaking with Walker, Bacon began repeatedly circling the truck. Although the officers told him several times to stand still, he continued to circle and at some point placed the bag and cup in the back of the truck. Concerned for his safety because Bacon had continuously ignored his directions, Trooper Kennedy handcuffed Bacon and placed him in the back of the patrol car.

Immediately thereafter, a witness who had been watching these events informed Trooper Kennedy that he had seen Walker throw something white out of the truck and into the woods. The object was identified as a white styrofoam cup containing 6.5 grams of cocaine. Examination of the white paper bag revealed 3.3 grams of cocaine. All 9.8 grams of this cocaine was in large, chunky pieces. Walker testified against Bacon at trial, and confirmed that when Bacon signaled him from the back of the patrol car, Walker threw the styrofoam cup containing cocaine from the truck. Walker also testified that all of the cocaine belonged to Bacon.

At trial, Officer Rountree testified that 9.8 grams of cocaine, the amount of cocaine discovered, was consistent with distribution and was "extremely unusual for one person to have for his personal use." Rountree was qualified by the trial court as an expert, but was not tendered as an expert. In addition to Rountree's testimony, former drug task force special agent Brian Rogers testified as to what quantity of cocaine he would routinely purchase for "personal use" in an undercover buy. According to Rogers, a typical cocaine user would

buy only one or two rocks of crack cocaine at a time — no more than one-half gram of cocaine. The court did not charge the jury on expert testimony, and Bacon contends that his conviction must be reversed because the State presented no competent evidence at trial regarding his intent to distribute.

To prove possession with intent to distribute, a qualified expert may offer opinion testimony regarding his "knowledge of the amount of crack cocaine one would generally possess for personal use or the amount which might evidence distribution." *Davis v. State*, 200 Ga. App. 44, 46 (2) (406 SE2d 555) (1991). Such expert testimony, coupled with evidence of the amount of cocaine found in the defendant's possession, is admissible to prove the defendant's intent to distribute the controlled substance. Where no additional evidence of intent to distribute is offered, such as scales, drug paraphernalia, large amounts of cash, division of cocaine into individual packages, or a prior conviction of possession with intent to distribute, the expert testimony is critical, and the conviction cannot be sustained without it. See generally *James v. State*, 214 Ga. App. 763, 764 (449 SE2d 126) (1994). This is so because "[m]ere possession of contraband without more will not serve as the basis for a conviction for possessing contraband for purposes of sale." (Citations and punctuation omitted.) Id.

Relying on the expert testimony issue, Bacon cites *Stephens v. State*, 219 Ga. App. 881 (467 SE2d 201) (1996) (physical precedent only), as support for his argument that his conviction must be reversed.[1] Bacon argues that Rountree was not qualified as an expert to give opinion testimony regarding the amount of cocaine discovered, and as no other evidence of intent to distribute was adduced, his conviction cannot stand.

Bacon's contention that Officer Rountree was not qualified as an expert is not supported by the record. The trial court in this case found that Rountree *was* qualified to give his expert opinion. The State laid a foundation for his testimony, and Bacon's objection thereto was overruled. Rountree then testified, "[t]his quantity of cocaine would be extremely unusual for one person to have for his personal use." Bacon's argument that Rountree's testimony was the only evidence offered of his intent to distribute is also inaccurate. In addition to Rountree, the State offered the testimony of former drug task force agent Brian Rogers. Rogers testified that he had two years

---

[1] In *Stephens*, the defendant's conviction for possession with intent to distribute was reversed because the only evidence offered by the State to support that charge was the testimony of an officer, whom the State had not qualified as an expert, that the amount of cocaine discovered was consistent with distribution and not with personal use. *Stephens*, supra at 881.

experience as a drug task force agent, that he had made numerous undercover buys, and that he had participated in approximately 500 drug investigations. After so qualifying himself, Rogers testified that a cocaine user would purchase only approximately one-half gram of cocaine at a time. Bacon allowed this testimony to come in without objection, and the State therefore presented the opinion of two qualified experts regarding Bacon's intent to distribute.

Bacon's argument that Rountree's testimony was the only evidence offered of his intent to distribute also fails to acknowledge the other competent evidence of Bacon's guilt. Walker, Bacon's companion at the time of the stop, testified that all 9.8 grams of cocaine belonged to Bacon. The large amount of cocaine involved, 9.8 grams, is itself evidence of intent to distribute. See *Kinney v. State*, 199 Ga. App. 354 (405 SE2d 98) (1991) (substantial quantity of contraband, seven rocks of cocaine, was evidence of intent to distribute); see also *Hayes v. State*, 203 Ga. App. 409, 410 (417 SE2d 45) (1992) (quantity of cocaine possessed, seven rocks, illustrates intent to distribute). The large chunks of cocaine found were also consistent with distribution. See *Williams v. State*, 208 Ga. App. 460 (1) (431 SE2d 130) (1993) (large chunk of cocaine weighing less than seven grams was, inter alia, evidence of intent to distribute).

Bacon also suspiciously circled the stopped truck, causing Trooper Kennedy to handcuff him and place him in the back of the patrol car. See *Dyer v. State*, 218 Ga. App. 879, 880 (463 SE2d 718) (1995) (reversal of a conviction for possession with intent to distribute which notes, inter alia, the absence of any testimony that the defendant acted suspiciously). Together with the testimony of Rountree and Rogers, all of this additional evidence was sufficient to prove Bacon's possession with intent to distribute beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Bacon's argument that his conviction must be reversed because the State did not formally tender either Rountree or Rogers as an expert is also without merit. The basis of the reversal in *Stephens*, the case Bacon relies upon for his tender argument, was the incompetent "unqualified testimony" of the officer, not the fact that the officer was qualified as an expert but never formally tendered as such. *Stephens*, supra at 883. See *Henry v. State*, 265 Ga. 732, 736 (5) (a) (462 SE2d 737) (1995) (interpreter permitted to offer her opinion, functioning "essentially as an expert witness," although she was not tendered as an expert). Like the defendant in *Henry*, Bacon was afforded an opportunity to challenge Rountree's and Rogers' credentials, and cross-examine them about their testimony. Id. at 736. Inasmuch as the court qualified Rountree as an expert and Bacon permitted Rogers to testify without objection, the State's failure to formally tender

either witness does not warrant a reversal, and Bacon's conviction for possession with intent to distribute was supported by qualified expert testimony.

Citing *Davis*, supra, as an example of properly qualified police witness testimony supporting a conviction for possession with intent to distribute, the special concurrence claims the State failed to tender Rountree as an expert. Precisely the same foundation was laid for Rountree's testimony as was laid for the officer's testimony in *Davis*. In *Davis*, the Court noted that the officer was qualified as an expert because he had 13 years of police experience, had made in excess of 20 drug arrests, had received additional training and instruction on drugs, and had participated in various undercover drug operations. Id. at 46. In this case, Rountree testified that he had nine years of police experience, had seized cocaine on numerous occa-sions, had additional training in cocaine and the amount of cocaine usually purchased, and had participated in hundreds of undercover drug buys.

Both Rountree and Rogers were qualified as expert witnesses in this case. "To qualify as an expert generally all that is required is that a person must have been educated in a particular skill or profession: his special knowledge may be derived from experience as well as study. . . . It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular area to be deemed an expert." (Citations and punctuation omitted.) *Davis*, 200 Ga. App. at 45-46 (2). This is not a situation like that which occurred in *Davis v. State*, 209 Ga. App. 572 (434 SE2d 132) (1993). In that case, the State attempted to qualify a witness as an expert in "narcotics investigation" for the purpose of testifying regarding possession with intent to distribute. Because no foundation was laid for this testimony, the trial court refused to so qualify the witness, although his testimony was allowed, nonetheless. In reversing the conviction, this Court noted that experience in "narcotics investigation" is not the same as being qualified to testify as an expert regarding drug *use*. Id. at 574 (2). In this case, the testimonies of Rountree and Rogers suffer from no such infirmity, and therefore, such testimonies were clearly competent evidence of Bacon's intent to distribute.

Bacon also argues that the testimony of former drug task force special agent Brian Rogers was incompetent because Rogers was neither tendered nor qualified as an expert. However, as previously stated, Bacon did not object to any portion of Rogers' testimony. "Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived." (Citations and punctuation omitted.) *Garren v. State*, 220 Ga. App. 66, 67 (467 SE2d 365) (1996). Therefore, we need not address this argument further.

Finally, Bacon argues that his conviction should be reversed because the trial court failed to charge the jury on expert testimony. Bacon failed to enumerate this point as error. "[A]n enumeration of error cannot be enlarged by a brief to give appellate viability to an issue not contained in the original enumeration." (Citations and punctuation omitted.) *Unden v. State*, 218 Ga. App. 463, 466 (5) (462 SE2d 408) (1995). Additionally, "[d]efendant did not request a charge to the jury concerning the consideration to be given to expert testimony and thus the trial court's failure to give such a charge does not provide a ground for reversal." *Hesler v. State*, 208 Ga. App. 495, 496 (431 SE2d 138) (1993). Accordingly, Bacon's conviction is affirmed.

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur even though Officer Rountree was not explicitly tendered as an expert.

Normally a witness cannot state an opinion or conclusion because this would be an invasion of the province of the jury, which is to make its own calculations and conclusions. *Maxwell v. State*, 262 Ga. 73, 76-77 (5) (414 SE2d 470) (1992). But where the matter at issue is one of which a jury would not have knowledge from common experience and requires expertise, an expert can give an opinion if it is necessary or helpful in order for a jury to determine the facts. OCGA § 24-9-67; *Maxwell*, supra. "[K]nowledge of the amount of crack cocaine one would generally possess for personal use or the amount which might evidence distribution is not necessarily within the scope of the ordinary layman's knowledge and experience," so expert opinion testimony is admissible on this issue. *Davis v. State*, 200 Ga. App. 44, 46 (406 SE2d 555) (1991).

Before such an opinion can be admitted, a foundation must be laid which establishes the witness' credentials for giving an opinion, credentials such as training or experience. Opinion must be based on a proper foundation. See OCGA § 24-9-65. It is by this foundation that the trial judge decides whether the opinion is admissible or not, as a legal matter. The tender of the witness is made to the trial judge when the proponent believes the foundation has been laid, and the tender describes the area of expertise the proponent wishes the witness to testify to. It thus serves an important function, because a witness may be qualified in one area of expertise but be asked for an opinion on another. That was one of the problems which the majority in *Davis v. State*, 209 Ga. App. 572, 574 (434 SE2d 132) (1993), considered an impediment to affirmance. In *Stephens v. State*, 219 Ga. App. 881, 883 (1) (467 SE2d 201) (1996) (physical precedent only), the witness was neither qualified as an expert nor tendered as one.

Whether or not there is other evidence of intent to distribute is irrelevant to the issue of whether the expert opinion is properly admitted.

Here there was no explicit tender, but the foundational requirement was met in that the qualifications of the officer to testify as an expert in the use of cocaine were set out on the record. The trial court accepted the witness in this regard, and the officer testified about the meaning of the amount of cocaine possessed by Bacon. Since the officer's stated qualifications in terms of training and experience gave him adequate credentials to explain the significance of the amount of cocaine with respect to likelihood of personal use or sale (indicative of intent of possessor), no harm resulted from the absence of a proper tender of the witness to the trial judge to make a legal ruling on admissibility of the witness' opinion.

The real problem here is the lack of a jury charge that cautions the jury it is not required to accept the opinion of the officer regarding the meaning of the quantity. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed.), p. 12, K. But as the majority points out, this was not enumerated as error.

DECIDED MARCH 10, 1997.

*Hal T. Peel*, for appellant.
*Dupont K. Cheney, District Attorney, Carole E. Wall, Assistant District Attorney*, for appellee.