A97A0927. PARRIS v. THE STATE.
(487 SE2d 690)

Judge Harold R. Banke.

Arthur Parris was convicted of possession of marijuana with intent to distribute, carrying a concealed weapon, and driving without a license and without proof of insurance. Parris, who was sentenced as a recidivist, challenges only the sufficiency of the evidence relating to the drug conviction.

At approximately midnight, Cpl. M. K. Nichols initiated a routine traffic stop, after he observed a Camaro with a cardboard tag which appeared to conceal a license plate. Although Parris, the driver, claimed that he had just bought the vehicle, he was unable to produce a bill of sale. After Parris admitted he had no driver's license or insurance, Nichols placed him under arrest. During a pat-down search of Parris, Nichols discovered a butterfly knife with a four-inch blade. Nichols testified that when Parris exited his vehicle, he detected the odor of burnt marijuana on Parris' person. Nichols claimed that when he first approached Parris, he noticed a plastic grocery bag lying on the driver's side floorboard. Nichols testified that he considered the location of the bag to be highly unusual because it was directly at Parris' feet, near the accelerator. According to Nichols, while Parris was seated in the patrol car, as Nichols was

checking the bag on the floorboard, the male front passenger inquired, "what's that?" After Parris' two passengers had been permitted to walk away, police confirmed that the grocery bag contained two bags of marijuana. Investigators were never able to ascertain the identities of the two passengers, and Parris denied knowing who they were or where they lived. A forensic chemist verified that both bags contained leafy marijuana with one bag weighing 7.9 ounces and the other weighing 3.6 ounces.

Parris' prior conviction for possession of marijuana with intent to distribute and possession of cocaine was admitted as similar transaction evidence. In the prior case, during the execution of a warrant for Parris' residence, investigators discovered on Parris' person a bag of marijuana and $510 in cash. Parris directed police to a locked suitcase in his bedroom closet. The suitcase contained six quart-size ziplock bags full of marijuana, weighing three and one-half pounds, a triple beam scale, and a 250-milliliter glass beaker. In this case, Parris did not testify or call any witnesses. His primary defense was that the drugs belonged to someone else. In instructing the jury, the trial court used the pattern charge on "equal access" and charged the jury on circumstantial evidence and actual and constructive possession. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 136. No charge was given on the lesser included offense of possession. *Held*:

In his sole enumeration of error, Parris contends that the trial court erred in denying his motion for a directed verdict due to the insufficiency of the evidence within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). He claims that the only evidence linking him to the contraband was mere proximity to the marijuana found on the driver's side floorboard.

In the absence of circumstances to the contrary, a presumption arises from proof of ownership and control of an automobile that the owner is in control and possession of the contraband found therein. *Fears v. State*, 169 Ga. App. 172, 173 (1) (312 SE2d 174) (1983). At the time of the arrest, Parris claimed to own and obviously was in possession of the vehicle. However, the mere presence of the contraband without more than Parris' spatial proximity to it would not establish Parris' constructive possession. See id.

In this case, the arresting officer detected the distinctive odor of marijuana on Parris' person. The officer testified that when he initially approached the car the drugs were located directly at Parris' feet and that the Camaro had bucket seats with a console separating the driver's side from the passenger compartment. Based on this evidence, a rational trier of fact could have found Parris guilty beyond a reasonable doubt of the crime of possession of marijuana. *Jackson v. Virginia*, 443 U. S. at 319.

To support a conviction for possession of marijuana with intent to distribute, the State must prove more than mere possession. *Williams v. State,* 199 Ga. App. 544 (1) (405 SE2d 539) (1991). Where, as here, a conviction hinges on circumstantial evidence, the evidence must exclude every reasonable hypothesis except guilt. OCGA § 24-4-6. Where no additional evidence of intent to distribute is offered, such as scales, drug paraphernalia, large amounts of cash, division of drugs into individual packages, or a prior conviction of possession with intent to distribute, the expert testimony is critical, and the conviction cannot be sustained without it. See *James v. State,* 214 Ga. App. 763, 764 (1) (449 SE2d 126) (1994); see also *Bacon v. State,* 225 Ga. App. 326, 327 (483 SE2d 894) (1997).

In this case, the State did not present any evidence of drug paraphernalia or large amounts of cash. The State failed to offer any expert testimony that the amount of marijuana or its packaging was indicative of distribution. See *James,* 214 Ga. App. at 764; compare *Holbrook v. State,* 177 Ga. App. 318, 321 (2) (339 SE2d 346) (1985). Nor was the State's circumstantial evidence sufficient to exclude every reasonable hypothesis except Parris' guilt, such as the credible theory that the marijuana was for Parris' personal use, especially in light of testimony that when arrested Parris exuded the odor of burnt marijuana. See *Brown v. State,* 260 Ga. 153, 155 (1) (391 SE2d 108) (1990). Clearly, the jury was not authorized to infer an intent to distribute marijuana in this case from the similar transaction evidence alone. See *Anderson v. State,* 215 Ga. App. 426, 428 (1) (451 SE2d 103) (1994) (physical precedent only). Moreover, notwithstanding the dearth of evidence as to the essential element of intent to distribute, the jury was not afforded the option of convicting Parris on the lesser included offense of possession of marijuana.

In the absence of any direct evidence of Parris' intent to distribute, we are constrained to reverse. OCGA § 16-13-30. *Dyer v. State,* 218 Ga. App. 879, 880 (1) (463 SE2d 718) (1995). Because the evidence was sufficient to support Parris' conviction for possession of marijuana, we remand with direction that a conviction and sentence be entered for that offense. *Hogan v. State,* 193 Ga. App. 543 (1) (388 SE2d 532) (1989).

*Judgment vacated and case remanded with direction. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 17, 1997.

 Before Judge Karpf.

*Darden & Moyers, Richard M. Darden, Andrea S. Moyers,* for appellant.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.