**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 30, 2012**

# In the Court of Appeals of Georgia

A12AO394. BAILEY v. THE STATE.

BARNES, Presiding Judge.

Lydrekus Bailey appeals his convictions for cocaine possession with intent to distribute and misdemeanor marijuana possession, asserting that the evidence against him was insufficient to find him guilty beyond a reasonable doubt. For the reasons that follow, we affirm.

Unlike a conviction for cocaine trafficking, the State need not prove that a defendant possessed any particular quantity of the drug, although it must prove more than mere possession to support a conviction for cocaine possession with intent to distribute. OCGA § 16-13-30; *James v. State*, 214 Ga. App. 763, 764 (1) (449 SE2d 126) (1994). Generally, whether the State has proven an intent to distribute cocaine is "peculiarly a question of fact for determination by the jury." (Citation and

punctuation omitted.) *Bussey v. State*, 263 Ga. App. 56, 59 (1) (b) (587 SE2d 134) (2003).

> No bright line rule exists regarding the amount or type of evidence sufficient to support a conviction for possession with intent to distribute. Intent to distribute may be shown in many ways, including through evidence of the manner in which the drugs are packaged, the amount of drugs, and the amount and denominations of cash.

(Footnotes omitted.) *Harper v. State*, 285 Ga. App. 261, 265 (1) (b) (645 SE2d 741) (2007).

In this case, the evidence at trial established that an agent of the Hall County Sheriff's Office Multi-Agency Narcotics Squad began to investigate Bailey based on a tip from a confidential informant. The investigation led to an apartment in an area with a reputation for high drug distribution. As the agent and three other officers pulled up to the apartment and began to get out of their van, one of Bailey's co-defendants who was standing outside the building began yelling, as would a lookout notifying a drug distributor that law enforcement was present. The agents entered the 12- by 18-foot apartment and found Bailey standing in the center of the room, about four feet from the stove where another co-defendant stood and three or four feet from a table near the third co-defendant. On the table was a set of digital scales, with

2

visible residue on both the table and the scales, and the cut-off corner portion of a plastic baggie, which the agent testified was commonly used to package crack cocaine for sale. The residue tested positive for cocaine. Another plastic bag corner was on top of another table, along with small amount of loose marijuana, and a roll of plastic bags was located underneath. An agent testified that plastic bags were commonly used to package and distribute illegal drugs for sale. The agent also found a piece of cocaine on top of the stove and two more pieces in the eye of one of the heating elements. The apartment contained no food, only fast food bags, and baking soda, which is commonly used to turn powder cocaine into rocks or crack. Bailey had $423 on him and the majority of the cash was in denominations commonly found in crack houses.

The State introduced evidence of three similar transactions against Bailey. In 2003, a Gainesville police officer was patrolling and saw Bailey jump into traffic as if he were waving down a vehicle. Bailey ran away from the officer, who saw him toss away a plastic baggie containing 12 pieces of crack. Bailey was caught and charged with possession of cocaine with intent to distribute. In 2004, another Gainesville police officer stopped a car driven by one of Bailey's co-defendants. Bailey was charged with cocaine possession after the officer found a rock of crack in

his seat. In 2005, Bailey sold a rock of crack to an undercover agent and pled guilty to selling cocaine.

This evidence was sufficient to authorize the jury's finding, beyond a reasonable doubt, that Jackson committed the offense of possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Johnson v. State*, 230 Ga. App. 535 (496 SE2d 785) (1998).

*Judgment affirmed. Adams and McFadden, JJ., concur.*