**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 19, 2012**

# In the Court of Appeals of Georgia

A12A1587. BEARD v. THE STATE.                                      AD-061C

ADAMS, Judge.

Kelvin Beard appeals following the trial court's denial of his motion for new trial after a jury convicted him of one count of possession of marijuana with the intent to distribute (OCGA § 16-13-30 (j)) and one count of intent to distribute marijuana within 1000 feet of a housing project (OCGA § 16-13-32.5). We reverse.

Viewed in the light most favorable to the verdict,[1] on November 11, 2003, Larry Bracken and Brian Valle, two narcotics officers with the Richmond County Sheriff's office, approached a car parked in front of Beard's residence. Beard was exiting from the driver's seat of the car, and Braxton Davis Walton, Jr., was sitting in the passenger's seat. After Officer Bracken, who was dressed in plain clothes,

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

approached the car and displayed his badge, Beard dropped a white plastic grocery bag he was holding. As the bag sat on the ground, Bracken could see what appeared to be bags of marijuana inside. Upon further inspection, Bracken discovered four sandwich bags, with what was later determined to be approximately twenty-eight grams, or one ounce, of marijuana in each. After Beard admitted that he also had a small amount of drugs inside, Bracken requested and received Beard's consent to search the apartment, where the officers discovered an additional bag containing another 28 grams of marijuana. Bracken testified that the marijuana was "street level," with an approximate total value in 2003 of $500 to $600. Bracken did not testify that the packaging or amount of the marijuana in this case had any significance, but in response to the prosecution's inquiry, he stated that a nickel bag, holding less than one gram, was "the smallest quantity of marijuana sold for personal use that [he had] encountered" as a narcotics investigator. Both officers further testified that Beard's residence, where this incident occurred, took place in the Overlook Apartments, which Bracken explained was a subsidized housing project owned by the Augusta Housing Authority. Bracken also identified the location of the apartment on an aerial map of the area.

2

Bracken did not arrest Beard on November 11; instead, the officers enlisted Beard and Walton to do a controlled buy the same day of a larger amount of marijuana, and in exchange for their full cooperation, the officers indicated that they would ask the district attorney for some leniency. Although Bracken asked Beard to contact him a few days after the controlled buy, Beard never called and approximately one month later, Bracken obtained an arrest warrant for him, leading to the charges in this case.

1. Beard asserts that this evidence was insufficient to establish the "intent to distribute" required for a conviction under OCGA § 16-13-30 (j). He asserts that the State merely proved that he possessed the marijuana. We agree.

"To prove possession with intent to distribute, the State must show more than mere possession of a controlled substance." *Gerlock v. State,* 283 Ga. App. 229, 230 (1) (641 SE2d 240) (2007). And while "a conviction may be supported upon circumstantial evidence linking 'possession to the enterprise of the sale,'"[2] "[w]here, as here, a conviction hinges on circumstantial evidence, the evidence must exclude every reasonable hypothesis except guilt. OCGA § 24-4-6." *Parris v. State,* 226 Ga.

---

[2] *Jackson v. State,* 251 Ga. App. 781, 783 (2) (a) (555 SE2d 136) (2001) (punctuation and footnote omitted).

App. 854, 856 (487 SE2d 690) (1997). "Where no additional evidence of intent to distribute is offered, such as scales, drug paraphernalia, large amounts of cash, division of drugs into individual packages, or a prior conviction of possession with intent to distribute, [] expert testimony is critical, and the conviction cannot be sustained without it." (Citations omitted.) Id.

Here, the State proved only that Beard possessed $500-$600 of "street level" marijuana, packaged in five separate plastic bags weighing one ounce each. The State did not produce any evidence that Beard possessed scales or other drug-dealing paraphernalia or that they found large amounts of cash on Beard's person or in his apartment; nor did they introduce any prior similar transaction involving possession with intent to distribute. And although the five ounces of marijuana Beard possessed were separated into five separate bags containing one ounce each, the State presented no testimony indicating that the amount of the drugs or their packaging was indicative of drug dealing as opposed to personal use. Moreover, Bracken's testimony that a nickel bag was the smallest amount of marijuana he had encountered for sale for personal use was insufficient to raise an inference that the five ounces Beard possessed could not have been for personal use as well.

4

Accordingly, the State's evidence in this case failed to rule out every reasonable hypothesis except guilt of the crime charged. See *Vines v. State*, 296 Ga. App. 543, 547 (1) (678 SE2d 260) (2009) (possession of 2.9 pounds of marijuana in three separate bags with no evidence of scales, drug paraphernalia or cash insufficient to establish intent to distribute, especially where four people were in the car and odor of marijuana existed); *Greene v. State*, 230 Ga. App. 155, 156 (2) (495 SE2d 634) (1998) (possession of a bag containing 20 pieces of rock cocaine, with no other evidence of drug dealing insufficient to establish requisite intent); *Parris v. State*, 226 Ga. App. at 856 (possession of plastic grocery bag containing with two bags of marijuana, one with 7.9 ounces and one with 3.6 ounces, insufficient without additional evidence of drug dealing or expert testimony, even with similar transaction evidence); *Bethea v. State*, 220 Ga. App. 800, 802 (2) (470 SE2d 328) (1996) (evidence of possession of "half a cookie of crack cocaine" alone insufficient, even where officer observed defendant participating in what appeared to be a drug

transaction prior to discovery of drugs).[3] We must therefore vacate Beard's conviction for possession of marijuana with intent to distribute.

2. Similarly, because the State failed to prove the requisite intent to distribute, we also must vacate Beard's conviction for possession with intent to distribute marijuana within 1,000 feet of a housing project under OCGA § 16-13-32.5.

3. Because we have deemed the evidence insufficient to convict Beard, and he cannot be retried, we need not reach Beard's assertion that he received ineffective assistance of counsel because his attorney failed to object to his appearance at trial in jail attire, and his motion for remand to further develop this issue is denied as moot.

*Judgment reversed. Barnes, P. J., and McFadden, J., concur.*

---

[3] Compare *Bass v. State*, 309 Ga. App. 601 (710 SE2d 818) (2011) (conviction upheld where officers discovered four bags of marijuana containing one ounce each and $2300 in money bag); *Davis v. State*, 287 Ga. App. 478, 481 (5) (b) (651 SE2d 750) (2007) (this Court found the "division of drugs in small plastic baggies" to be evidence of intent to distribute where truck contained a number of bags containing a total of 24.75 grams of methamphetamine, which Court concluded was not consistent with personal use).