A93A2102. RAWLS v. THE STATE.
(436 SE2d 527)

BLACKBURN, Judge.

On June 26, 1992, an indictment was returned against appellant, Frederick Rawls, charging him with trafficking in cocaine. Pursuant to

*North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970), Rawls pled guilty to the lesser included offense of possession of cocaine with intent to distribute, a violation of OCGA § 16-13-30 (b). Under OCGA § 16-13-30, the penalty for that offense consists of various terms of imprisonment, but no monetary fines. The trial court, however, sentenced Rawls to 20 years' imprisonment and ordered him to pay a fine of $100,000, a penalty fee pursuant to OCGA § 15-21-73 of $50, a jail fee of $10,000, and a D.A.T.E. fee of $50,000. On appeal, Rawls argues that the trial court improperly imposed fines, in the absence of statutory authority or a probated sentence. The State concedes this issue, and we agree.

As noted above, the statutory penalty for possession of cocaine with the intent to distribute does not include a monetary fine. OCGA § 17-10-8 allows for the imposition of a fine as a condition of probation, but "[w]here the trial court does not award probation, the imposition of a fine in addition to a prison sentence is outside the trial court's discretion. . . ." (Citations and punctuation omitted.) *Wood v. State*, 204 Ga. App. 467, 469 (419 SE2d 534) (1992) (also involving a conviction for possession of cocaine with intent to distribute). Additionally, the imposition of a penalty pursuant to OCGA § 15-21-73 can only attach to properly imposed fines. See OCGA § 15-21-73 (a) (1). And finally, imposition of a D.A.T.E. fee also requires a lawfully imposed fine. OCGA § 15-21-100 (a). Accordingly, those portions of Rawls' sentence imposing the $100,000 fine, the $50 penalty, and the $50,000 D.A.T.E. fee are vacated.

*Judgment vacated in part. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 27, 1993.

*Dwight L. Thomas*, for appellant.
*Garry T. Moss, District Attorney, Gregory A. Hicks, Assistant District Attorney*, for appellee.

