A95A0337. IN THE INTEREST OF D. S., a child.

(453 SE2d 114)

BLACKBURN, Judge.

The juvenile court adjudicated D. S. delinquent for possession of cocaine with the intent to distribute. On appeal, D. S. contends that the evidence was insufficient to support a finding of intent to distribute.

Brunswick Police Officer Hughes testified that he observed D. S. come off the porch of Christine Green's house and run across the street to a blue car. D. S. put his right hand inside the passenger-side window of the car. Officer Hughes came within eight to ten feet of D. S., who was startled and snatched his hand from the car. Within Officer Hughes' view, D. S. dropped something from his right hand. Officer Hughes obtained the plastic bag dropped by D. S., which contained three $10 pieces of crack cocaine. Officer Hughes testified that

it "appeared to be a drug transaction" taking place. However, Officer Hughes did not see any money change hands or any drugs change hands. The occupants of the vehicle were not stopped or questioned.

This court has previously determined that "knowledge of the amount of crack cocaine one would generally possess for personal use or the amount which might evidence distribution is not necessarily within the scope of the ordinary layman's knowledge and experience." *Davis v. State*, 200 Ga. App. 44, 46 (406 SE2d 555) (1991). See also *Davis v. State*, 209 Ga. App. 572 (2) (434 SE2d 132) (1993). Officer Hughes testified that based on his experience and special training in drugs, D. S. was either giving or receiving drugs from the vehicle. The State produced no evidence of D. S.' intent to distribute. In fact, the only testimony involving the quantity of cocaine established that if D. S. was a user of cocaine, he could smoke all three of the cocaine pieces.

"To support a conviction for possession of cocaine with intent to distribute, the State is required to prove more than mere possession. [Cit.]" *Sams v. State*, 197 Ga. App. 201, 202 (397 SE2d 751) (1990). Viewed under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we conclude that the State failed to present evidence sufficient to authorize the trier of fact to find, beyond a reasonable doubt, that D. S. committed an act which, had it been committed by an adult, would constitute the offense of possession of cocaine with intent to distribute. Compare *Palmer v. State*, 210 Ga. App. 717 (437 SE2d 490) (1993).

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 12, 1995.

*James A. Yancey, Jr.,* for appellant.

*W. Glenn Thomas, Jr., District Attorney, Margaret L. Knight, Assistant District Attorney,* for appellee.