## A96A0568. BETHEA v. THE STATE.

(470 SE2d 328)

BLACKBURN, Judge.

Dexter Pernell Bethea appeals his conviction for possession of cocaine with intent to distribute and obstruction of an officer. Pursuant

to OCGA § 16-13-30 (d), he received a life sentence on the distribution charge with a one-year sentence on the obstruction charge to run concurrently.

Bethea asserts that the evidence was not sufficient to support his conviction. Viewing the evidence in the light most favorable to the verdict, two agents of the Lowndes-Valdosta Drug Task Force observed Bethea standing near a white pickup truck engaged in what appeared to be a drug transaction; however, they witnessed no money or drugs change hands. As the agents approached the truck, Bethea turned and began walking away. The agents then exited their vehicle and Bethea began to run. The occupants of the white pickup truck sped off and were not stopped or questioned. Officer Bob Kukua ran after Bethea and followed him into a nearby boarding house. Officer Kukua, who had been approximately six feet behind Bethea during the chase, caught Bethea inside a bedroom attempting to throw a solid white substance that appeared to be "half a cookie of crack cocaine" under the bed. An expert testified that the substance, consisting of 13 rocks, was indeed cocaine. Bethea struggled as Officer Kukua attempted to handcuff him even though Officer Kukua had identified himself as a police officer. On the evening in question, Officer Kukua was wearing the uniform customarily worn by members of the drug task force that included a badge star, a utility belt carrying a gun and handcuffs, and a hat that identified him as a "drug agent."

1. The facts supporting the possession with intent to distribute conviction are virtually identical to those of a matter recently decided by this Court. See *In the Interest of D. S.*, 216 Ga. App. 67 (453 SE2d 114) (1995). In that case, like the present matter, authorities observed the defendant standing next to a car, engaged in what they thought appeared to be a drug transaction although no money or drugs were seen changing hands. As the officers approached, they witnessed the defendant drop the cocaine on the ground. The defendant was arrested, but the occupants of the vehicle were not questioned. We found this evidence insufficient to permit a jury to infer the defendant's intent to distribute the drugs stating that "[t]o support a conviction for possession of cocaine with intent to distribute, the State is required to prove more than mere possession." Id. at 68.

Recently, this Court surveyed a number of different decisions addressing sufficiency issues in order to determine what evidence, in addition to possession, will permit a jury to infer a defendant's intent to distribute drugs. *James v. State*, 214 Ga. App. 763 (449 SE2d 126) (1994). "We have reviewed several previous decisions of this court which have addressed the issue of the sufficiency of the evidence of the intent to distribute element of the offense, in an effort to ascertain what has been deemed to be sufficient evidence to support a con-

viction of possession with intent to distribute cocaine. In [*Wright v. State*, 154 Ga. App. 400 (268 SE2d 378) (1980)], a scale, plastic bags, coin envelopes and cash found on the appellant's dresser were held to be sufficient indicia of intent to sell marijuana. In *Williams v. State*, 199 Ga. App. 544 (405 SE2d 539) (1991), cocaine was divided between more than 30 small glassine or clear plastic packages, this court held that the manner of packaging authorized an inference that appellant intended to distribute the contraband. In *Sams v. State*, 197 Ga. App. 201 (397 SE2d 751) (1990), evidence was presented regarding previous sales of cocaine made by appellant on the day of his arrest. Scales, drug paraphernalia, baking soda for cutting the cocaine, and a large amount of cash primarily in $20 bills were also found in appellant's possession. Finally, in *Davis v. State*, 200 Ga. App. 44, 45 (2) (406 SE2d 555) (1991), evidence of a prior conviction of possession of cocaine with intent to distribute was introduced as a similar transaction. Additionally, the arresting officer in *Davis* was qualified as an expert witness on the 'uses and activities of drugs on the street and how they are dealt.' As an expert he was allowed to give his opinion [that the amount of cocaine found in the appellant's possession] would generally be for distribution, as opposed to personal use. In all of these cases, competent evidence was offered which linked the possession of the cocaine to the enterprise of [the] sale." *James*, supra at 764.

No such competent evidence exists in this case. No drug paraphernalia or large sums of money were found on Bethea. The cocaine did not appear to be packaged in any special manner for distribution. In fact, Officer Kukua noted that, at the time of the arrest, the solid cocaine was crumbling in Bethea's hands and that it generally would be broken into smaller rocks for sale. Officer Kukua testified that the street value of the cocaine easily exceeded $500, but the State offered no evidence as to whether the amount of cocaine found in Bethea's possession generally suggests a drug dealer as opposed to a drug user. See *Davis v. State*, 209 Ga. App. 572, 574 (434 SE2d 132) (1993) (expert evidence generally required to determine the amount of drugs one might normally possess for personal use or the amount that customarily evidences distribution). While the State did introduce evidence of Bethea's prior guilty pleas for possession with the intent to distribute cocaine and sale of cocaine, this evidence was offered to impeach Bethea when he took the stand, not as evidence of similar transactions offered pursuant to the protections afforded a defendant by Uniform Superior Court Rule 31.3 whereby the jury could infer similar motive or bent of mind. See *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982) ("Evidence which is admissible for impeachment purposes *only* cannot serve as evidence in support of an essential factual contention.") While the evidence in this case would clearly

support a conviction on a charge of cocaine possession, it is not sufficient to support Bethea's conviction of intent to distribute and thus, the conviction must be reversed.

2. We find the evidence sufficient to support the obstruction conviction pursuant to the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, Bethea's conviction on that count is affirmed.

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED MARCH 20, 1996.

*Samuel F. Greneker*, for appellant.

*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.