## A96A1002. THOMAS v. THE STATE.
### (474 SE2d 631)

BEASLEY, Chief Judge.

Thomas challenges the sufficiency of the evidence to support his conviction of possession of cocaine with intent to distribute (OCGA § 16-13-30). He was also convicted of obstruction of an officer (OCGA § 16-10-24) but acquitted of possession/consumption of an alcoholic beverage by a minor (OCGA § 3-3-23). The evidence is viewed with all reasonable inferences made and all issues of weight and credibility resolved in favor of the verdict. *Patterson v. State,* 181 Ga. App. 68, 69 (2) (351 SE2d 503) (1986).

City of Albany police officer Moored observed Thomas at the entrance to a food store. In disregard of "no loitering" signs and in

violation of a local ordinance, Thomas and others were obstructing and hindering motorists as they turned into the parking lot of the store. He was taken into custody after attempting to flee and resisting arrest. Moored testified that as the officers made the arrest, he noticed an odor of alcoholic beverage on Thomas' breath and body. After they had placed him in the back of the patrol car to transport him to the police station, he observed Thomas slide to the other side of the seat and stash something behind it. Afterward, he found a small ziplock bag with four or five pieces of crack cocaine. He had thoroughly checked the back seat for items before Thomas was seated there.

Thomas argues that the State failed to prove beyond a reasonable doubt that he possessed the cocaine with intent to distribute it, in that he was not observed selling or attempting to sell drugs on the occasion in question and there was no evidence that he had sold drugs in the past.

Several facts in particular weigh against his theory of personal use: the number of pieces of crack cocaine and the absence of any smoking device. See *Palmer v. State*, 210 Ga. App. 717 (437 SE2d 490) (1993). A law enforcement officer who was qualified as an expert in the field of narcotics investigation testified that the quantity (and packaging) of the cocaine found in defendant's possession would normally be consistent with that in the possession of a distributor or seller rather than a user. See *Palmer*, supra; *Davis v. State*, 200 Ga. App. 44, 45 (2) (406 SE2d 555) (1991); compare *Dyer v. State*, 218 Ga. App. 879 (1) (463 SE2d 718) (1995).

After viewing the evidence in the light most favorable to the prosecution, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), any rational trier of fact could have found the essential elements of the crime of possession with intent to distribute beyond a reasonable doubt. *Adams v. State*, 255 Ga. 356, 357 (338 SE2d 860) (1986).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JULY 17, 1996.

*Craig S. Mathis*, for appellant.
*Britt R. Priddy*, District Attorney, *Gregory A. Clark*, Assistant District Attorney, for appellee.