## A97A0540. BARKER v. THE STATE.
### (487 SE2d 494)

ANDREWS, Chief Judge.

Darion Chris Barker appeals from his conviction of possession of crack cocaine with intent to distribute and obstruction of an officer. We affirm.

1. Barker, who was appointed new counsel for his appeal after having different appointed counsel for trial, filed a pro se Motion for Dismissal of Appellate Counsel and Appointment of New Appellate Counsel in this Court on April 28, 1997, after the filing on December 18, 1996, of the enumeration of errors and brief by his appointed appellate counsel.

This motion complains of the trial court's denial of a similar request for substitution of appellate counsel after the appeal was filed here. Initially, we note that Barker does not have the right to both be represented by counsel and also to represent himself, either in the trial court or here. *Johnson v. State*, 266 Ga. 775, 779 (9) (470 SE2d 637) (1996). Additionally, there is no record of the complained-of trial court proceedings before us and, therefore, nothing for our review on this issue. *Peacock v. Campbell*, 223 Ga. App. 620 (478 SE2d 409) (1996).

2. Viewed with all inferences in favor of the jury's verdict, *Bowman v. State*, 222 Ga. App. 893, 896 (1) (476 SE2d 608) (1996), the evidence was that, on October 13, 1995, around 5:30 p.m., Officers Schlageter and Ellington were patroling an area known for drug distribution. They turned into a dead end cul-de-sac and saw Barker walking on a path used to cut through to the dead end from another area also known for drug dealing. Barker had a brown paper bag in his hand, which he threw to the ground upon spotting the marked police car. Barker continued walking toward the car, and Officer Ellington, who was driving, stopped the car, got out, and began talking to Barker. Officer Schlageter, who watched the bag as it hit the ground after it left Barker's hand, exited the car, went immediately

to the bag, and picked it up. While Officer Ellington was talking to Barker, he noticed Barker kept looking toward Schlageter out of the corner of his eye and began to act nervous. When Schlageter picked the bag up, Barker ran. Ellington tackled Barker, and both officers struggled with him before finally handcuffing him. After he was subdued, Barker spontaneously stated to the officers that he had "just gotten out for drugs" and could not go back. He also asked them if they could work out a deal for his cooperation. The paper bag contained a plastic bag with twenty-nine larger pieces of crack and another plastic bag with five smaller pieces. Both officers testified that such amounts were indicative of distribution, as was the packaging. The evidence of possession with intent to distribute and obstruction of an officer was sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Thomas v. State*, 222 Ga. App. 337 (474 SE2d 631) (1996); *Okongwu v. State*, 220 Ga. App. 59, 62 (3) (467 SE2d 368) (1996).

While Barker contends he did not have the sack, but was merely walking through the area, and that the officers did not find the sack on the ground until after he was handcuffed and then had to search the area for it, the issue of which version of these events to believe was for the jury, which resolved the credibility issues in favor of the State. OCGA § 24-9-80. This Court will not weigh the evidence or determine witness credibility, but only determines the sufficiency of the evidence. *Daras v. State*, 201 Ga. App. 512 (1) (411 SE2d 367) (1991).

3. Barker's first enumeration is that the court improperly allowed evidence of a similar transaction which occurred on July 1, 1993.

This evidence was that Investigator Cleveland received a report of drug activity in the Newberg Avenue area and responded, spotting Barker driving a Toyota Camry. This area is about one mile south of the location of the charged incident. The officer stopped Barker and searched the car, finding a brown paper sack under a rear floor mat. The sack contained a larger plastic bag in which there were 50 pieces of crack in individual small ziplock bags. Barker told the officer that, if they would not arrest him, he could help get some dealers.

Barker's objection at trial was that the 1993 incident was not sufficiently similar in that it involved a different neighborhood, different packaging, and the cocaine was concealed under the car mat whereas the present case was a "throwdown" case. This objection is the only one we will consider here. *DeFreese v. State*, 232 Ga. 739, 746 (14) (208 SE2d 832) (1974); *Hill v. State*, 224 Ga. App. 208, 209 (1) (480 SE2d 256) (1997).

In order to be admissible, the transactions involved need not be absolutely identical. *Woolfolk v. State*, 202 Ga. App. 59, 61 (4) (413

SE2d 242) (1991). The test is not the number of similarities, but the evidence is admissible " 'if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.' . . . [Cit.]" *Spead v. State*, 218 Ga. App. 547, 548 (1) (462 SE2d 635) (1995). *Okongwu*, supra at 62 (4).

Here, both events occurred in close proximity to each other in areas known for drug dealing; the packaging, while not identical, was very similar; the amounts involved were, in the opinions of the officers, so large as to indicate they were for distribution; and, on both occasions, Barker attempted to make deals to avoid prosecution. There was no error in admitting the similar transaction under *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). *Roundtree v. State*, 222 Ga. App. 363 (474 SE2d 224) (1996); compare *Anderson v. State*, 215 Ga. App. 426, 427 (451 SE2d 103) (1994).

4. The second enumeration is that the court erred in not, sua sponte, declaring a mistrial after a juror had been excused from the panel during deliberations as a result of having spoken to Investigator Cleveland while walking out of the courtroom.

Two of Barker's friends stated that the officer said to the juror "we got one," and the juror repeated this statement and shook hands with the officer.

After this conduct was reported to the court and defense counsel, the court conducted an inquiry of the officer and the jurors and determined that, while the jurors were crossing the courthouse lobby, one said "hello" to Investigator Cleveland. The juror knew Cleveland only as "Jack" and had not recognized his last name during voir dire. While determining that only greetings were exchanged, the court, out of an abundance of caution, excused the juror who spoke and seated the alternate.

Barker contends that, because the jury had been deliberating from 3:38 p.m. with the "tainted" juror, that replacing that juror at 5:00 p.m. when the verdict was then returned at 5:09 p.m. was inadequate to protect his rights.[1]

---

[1] Barker's trial counsel acquiesced in the replacement of the juror with the alternate, and we could not consider this enumeration for failure to preserve it below. *Henderson v. State*, 218 Ga. App. 311, 312 (3) (460 SE2d 876) (1995). However, since the issue of the juror is also the premise for Barker's claim of ineffective assistance of counsel, we consider the merits.

" ' "There is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has .occurred." (Cit.)' *Lockridge v. State*, 260 Ga. 528, 529 (397 SE2d 695) (1990). However, a jury verdict will not be upset solely because of such conduct, unless 'the statements are so prejudicial that the verdict must be deemed "inherently lacking in due process." (Cit.)' *Bobo v. State*, 254 Ga. 146 (327 SE2d 208) (1985). Our inquiry then must be directed to whether this error is so inherently prejudicial as to require a new trial, or whether it is an immaterial irregularity without opportunity for injury. See *Smith v. State*, 218 Ga. 216 (2) (c) (3) (126 SE2d 789) (1962)." *Sims v. State*, 266 Ga. 417, 419 (3) (467 SE2d 574) (1996).

Where, as here, " 'there was conflicting evidence presented to the trial court as to the conduct of the juror and the trial court must pass on the issue, and its discretion is not shown to have been abused, such discretion will not be controlled by the reviewing court.' [Cits.]" *Scott v. State*, 130 Ga. App. 75, 79 (4) (202 SE2d 201) (1973).

Here, there was a finding by the court of "an immaterial irregularity," if any, and the court would have been entitled to retain the juror. *Sims*, supra; *Scott*, supra. There certainly was no harmful error in his nonetheless replacing the juror with the alternate. This enumeration is without merit.

5. The sole ground alleged here for Barker's contention that a new trial should have been granted due to ineffective assistance of counsel is trial counsel's failure to move for a mistrial after the juror was replaced.

Under the circumstances of this case, there is no basis for such a claim and the trial court's ruling in this regard was not clearly erroneous. *Waddell v. State*, 224 Ga. App. 172, 175 (3) (b) (480 SE2d 224) (1996).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED JUNE 10, 1997.

 Before Judge Wilcox.

*Jackson & Associates, Joseph M. Williams*, for appellant.

*Charles H. Weston, District Attorney, Nancy S. Malcor, Laura D. Hogue, Assistant District Attorneys*, for appellee.