A97A1772. GREENE v. THE STATE.
(495 SE2d 634)

McMURRAY, Presiding Judge.

Defendant was indicted for possession of cocaine with intent to distribute and also possession of cocaine. The evidence adduced at a jury trial reveals the following: At about 9:30 p.m. on November 29, 1995, law enforcement officers with the Police Department of the City of Rome, Georgia, while conducting a covert surveillance operation, observed eight to ten men loitering at an intersection known for illegal drug transactions. Soon, an old Cadillac automobile cruised into the intersection and stopped. The officers remained undercover and watched as defendant leaned into the Cadillac's driver's window. About a minute later, the old Cadillac raced from the scene. The loitering men responded with vulgar jeers, violent gestures and rock throwing.

Although the officers did not observe defendant exchange cash or illegal drugs during his encounter with the Cadillac driver, the officers emerged from cover and approached the intersection because at least one officer believed that defendant had just attempted to sell illegal drugs to the Cadillac driver. (This officer connected defendant's brief encounter with the Cadillac driver to activities he observed during prior illegal drug transactions at the same intersection.) Most of the suspects fled when the officers appeared, including defendant.

Officer Lee Carter apprehended defendant after a heated foot chase, but not before twice observing defendant discard objects during the chase. Officer Carter detained defendant while another officer searched the area where the last object defendant discarded fell. This officer found a bag containing 20 pieces of a substance

which was later identified as "rock" cocaine.

The jury found defendant guilty of possession of cocaine with intent to distribute and also possession of cocaine. Because these crimes merged, the trial court sentenced defendant only for possessing cocaine with intent to distribute. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. The trial court did not err in denying defendant's motion to suppress. Defendant's activities at the intersection and defendant's activities during his flight from Officer Carter authorized reasonable suspicion for a brief detention of defendant while another officer searched for the objects which defendant discarded during his flight from police. *Brown v. State*, 211 Ga. App. 658, 659 (440 SE2d 253).

2. Defendant contends the evidence is insufficient to support his conviction for possession of cocaine with intent to distribute. We are compelled to agree. "To support a conviction for possession of cocaine with intent to distribute, the State must prove more than mere possession. *Williams v. State*, 199 Ga. App. 544 (1) (405 SE2d 539) (1991). Where a conviction hinges on circumstantial evidence, the evidence must exclude every reasonable hypothesis except guilt. OCGA § 24-4-6." *Anderson v. State*, 225 Ga. App. 727, 728 (484 SE2d 783).

In *Bethea v. State*, 220 Ga. App. 800 (470 SE2d 328), the defendant challenged evidence underlying his conviction for possession of cocaine with intent to distribute. In *Bethea*, two law enforcement officers observed Bethea standing near a pickup truck engaged in what appeared to them to be an illegal drug transaction. Although the officers witnessed no money or drugs change hands, they approached the truck to investigate, and Bethea fled. One of the officers chased Bethea to a nearby boarding house and caught him inside the house attempting to throw cocaine under a bed. Because there was no evidence linking Bethea's possession of cocaine for distribution purposes, this Court reversed. The circumstances in the case sub judice are indistinguishable.

There is no proof that defendant, in the case sub judice, possessed drug paraphernalia when he was arrested, nor that defendant was in possession of large sums of money. Further, there was no evidence that the amount of cocaine defendant was carrying is consistent with amounts usually carried by drug dealers, and there is no proof that the cocaine defendant discarded was packaged in a manner suited for convenient distribution. The only evidence indicating that defendant may have been attempting to sell cocaine is proof of defendant's brief encounter with the driver of the stopped Cadillac and an officer's testimony that he has observed such conduct during prior illegal drug transactions at the same intersection. This evidence, however, does not exclude every other reasonable hypothesis

concerning the reasons for defendant's brief encounter with the Cadillac driver. See *Anderson v. State*, 225 Ga. App. 727, 728, supra. Consequently, there is insufficient evidence of defendant's intent to distribute cocaine under the standard prescribed in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). We must therefore vacate defendant's conviction for possession of cocaine with intent to distribute.

Since there was sufficient evidence to support a verdict for possession of cocaine, the case sub judice is remanded with direction that the judgment of defendant's conviction for possession with intent to distribute be vacated and a judgment and sentence for possession of cocaine be entered. *McNair v. State*, 226 Ga. App. 516, 517 (1), 518 (487 SE2d 100).

*Judgment vacated and case remanded with direction. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 14, 1998.

*Anthony E. Cheatham*, for appellant.
*Tambra P. Colston, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.