### A00A0164. BEARD v. THE STATE.
(531 SE2d 168)

BLACKBURN, Presiding Judge.

Following a jury trial, Dewey E. Beard appeals from his conviction of the offense of the sale of cocaine in violation of OCGA § 16-13-30, contending that the evidence was insufficient to support the conviction. We find the evidence was sufficient, and we affirm.

> On appeal from a criminal conviction, our review of the evidence is guided by certain well-established principles. . . . [T]he evidence is viewed in a light most favorable to the verdict; we do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); and the jury's verdict will be upheld as long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case.

*Brown v. State*, 237 Ga. App. 761, 762 (516 SE2d 810) (1999).

OCGA § 16-13-30 (b) states that "it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance." At trial, a confidential informant and an agent of the Georgia Bureau of Investigation testified that they were involved in an undercover operation in Decatur County. As part of that operation, the witnesses went to Beard's apartment to purchase cocaine. At the apartment, although another man was also present, Beard showed the witnesses the cocaine which was wrapped in a towel, negotiated the price and counted the money. Both witnesses identified Beard as the man in charge of the deal.

This evidence is sufficient to authorize the jury's finding that Beard was guilty of the offense beyond a reasonable doubt, despite Beard's contradictory testimony that the sale occurred in his apartment without his prior permission or knowledge. *Brown v. State*, supra; *Jackson v. Virginia*, supra; *Drake v. State*, 238 Ga. App. 584,

586 (1) (519 SE2d 692) (1999) ("A jury is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it.").

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MARCH 13, 2000.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Anthony E. Paulsen III, Assistant District Attorney*, for appellee.