## A03A2578. MERIDY v. THE STATE.
(594 SE2d 378)

PHIPPS, Judge.

Tory Meridy was convicted of trafficking in cocaine. On appeal, he challenges the sufficiency of the evidence to support his conviction and claims that the trial court erred by denying his motion for directed verdict. For reasons that follow, we affirm.

The standard of review for denial of a motion for directed verdict is the same as for determining the sufficiency of the evidence to support a conviction.[1] Thus, we construe the evidence in favor of the jury's verdict and determine whether a rational trier of fact could have found Meridy guilty beyond a reasonable doubt of the crime for which he was convicted.[2]

On January 17, 2002, officers with the Bibb County Sheriff's Office executed a search warrant at a house owned by James Meridy. They had received information from a confidential informant that cocaine was being sold from the residence. During the search, the officers found more than 28 grams of cocaine.

Co-defendant Derrick Burns testified for the state in exchange for the opportunity to plead guilty to a reduced charge. Burns testified that he had been selling cocaine for James Meridy, Tory Meridy's brother, for four to five months prior to January 17. He testified that James Meridy regularly purchased six "cookies" of cocaine from someone in a blue car and divided it evenly with Tory Meridy. Tory Meridy sold his own cocaine, but James Meridy gave half of his cocaine to Burns to sell. Tory Meridy often hid his half of the cocaine in the yard near his brother's house. All three sold cocaine from James Meridy's house, taking turns as customers arrived. Their customers were users who bought small amounts.

Burns testified that on January 17, James Meridy received a cocaine delivery. Sometime after the delivery, Tory Meridy came to James Meridy's house, sat down in the living room and began cutting up cocaine on a table. Burns estimated that Tory Meridy sold cocaine to 45 customers that day. Burns testified that Tory Meridy hid some of his cocaine in his pants and some of it under the sofa where he was sitting. When the police arrived, Burns ran toward the bathroom to try to flush the cocaine he was holding, but was unsuccessful. Burns testified that Tory Meridy was sitting on the sofa at the time and that he took the cocaine from his pants and put it on the sofa.

Officer Sampson testified that he was the first officer to enter the residence on January 17 and that he saw Burns run toward the

[1] *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).
[2] Id.

bathroom, dropping cocaine, and saw Tory Meridy sitting on a sofa in the living room. Another man was sitting on the sofa with Tory Meridy and two other people were sitting in chairs on either side of a table in the living room. The officers found bags containing cocaine under the seat cushion and behind the sofa where Tory Meridy was sitting. They also found cocaine on the living room table, under co-defendant Clarence Brown, who was sitting next to the living room table, under the sofa in James Meridy's bedroom and scattered on the floor from the front door back to the bathroom door, where Burns had dropped it. Sampson submitted three bags of cocaine collected at the scene to the Georgia Bureau of Investigation crime lab, but only two bags were tested. The first bag contained a combination of all of the cocaine found in the living room. When tested, it weighed 22.14 grams and had a purity level of 39.2 percent. The other bag tested, which contained cocaine found in James Meridy's bedroom, weighed 7.18 grams and had a purity level of 35.1 percent.

At the conclusion of the state's case, Meridy moved for a directed verdict of acquittal based on insufficient evidence. That motion was denied. The court instructed the jury on the offense of trafficking in cocaine, the lesser included offense of possession with intent to distribute and the definition of a party to a crime. The jury found Meridy guilty of trafficking in cocaine.

1. Meridy claims that the evidence was insufficient to support his conviction because the state failed to prove that he had possession of at least 28 grams of cocaine.

The indictment charged Meridy and four co-defendants with possession of twenty-eight grams or more of cocaine or of a mixture with a purity of ten percent or more, in violation of OCGA § 16-13-31 (a) (1). Meridy argues that, at most, the state's evidence proved that he was in possession of the approximately twenty-two grams of cocaine found in the living room, near where he was sitting, and that there is no evidence that he possessed the other approximately seven grams found in another room in the house.

OCGA § 16-13-31 (a) (1) authorizes conviction for trafficking in cocaine upon the showing of constructive possession as well as actual possession.[3] "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it."[4] A person may be convicted as a party to a crime if the evidence shows he directly commit-

---

[3] *Eliopulos v. State*, 203 Ga. App. 262, 265 (1) (416 SE2d 745) (1992).
[4] (Citation and punctuation omitted.) Id.

ted the crime, intentionally aided or abetted the commission of the crime or intentionally advised, encouraged, hired, counseled or procured another to commit the crime.[5]

Burns testified that the Meridy brothers regularly bought and shared six "cookies" of cocaine, that he and the Meridy brothers took turns selling it, that Tory Meridy had cut up that day's delivery of cocaine and sold small amounts to approximately 45 customers before the police arrived and that Tory Meridy usually hid his share of the cocaine on his brother's property and on that day had hidden it on and under the sofa where he was sitting. As set forth in Division 2, this testimony was adequately corroborated. Under the circumstances, we find that the evidence was sufficient for a rational trier of fact to find Tory Meridy guilty of actual possession of the cocaine found in the living room and joint constructive possession of the cocaine found in James Meridy's bedroom, or at least as a party to the crime.[6]

2. Meridy claims that his motion for directed verdict should have been granted because the only evidence supporting his conviction was the uncorroborated testimony of a co-defendant.

To sustain a felony conviction based upon the testimony of an accomplice, there must be independent corroborating evidence, either testimony from another witness or corroborating circumstances, which connects the accused to the crime.[7] "The sufficiency of the corroborating evidence is a matter for the jury, and if the verdict is based upon the slightest evidence of corroboration connecting an accused to a crime, even if it is circumstantial, it is legally sufficient."[8] The corroboration "need not be sufficient to warrant a guilty verdict or prove every material element of the crime; it need only tend to connect and identify the defendant with the crime charged."[9]

Burns's testimony was corroborated by Sampson's testimony that Meridy was sitting exactly where Burns said he was sitting and by the cocaine found under the seat cushion and behind the sofa where Meridy was sitting, near where Burns testified Meridy had hidden it. His testimony was further corroborated by the presence of cocaine in plain view on the table where Burns had testified that Meridy was cutting cocaine earlier that day. "In light of the fact that only slight corroboration connecting [Meridy] with the crime is neces-

---

[5] OCGA § 16-2-20.

[6] See id.; *Tran v. State*, 246 Ga. App. 153, 160 (6) (539 SE2d 862) (2000); *Brown v. State*, 245 Ga. App. 706, 708-709 (1) (538 SE2d 788) (2000).

[7] See OCGA § 24-4-8; *Edmond v. State*, 267 Ga. 285, 287 (2) (476 SE2d 731) (1996).

[8] (Footnote omitted.) *Edmond*, supra.

[9] (Citation and punctuation omitted.) *Raines v. State*, 186 Ga. App. 239, 240-241 (2) (366 SE2d 841) (1988).

sary, the denial of the motion for a directed verdict of acquittal was not error."[10]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 13, 2004 —
RECONSIDERATION DENIED FEBRUARY 5, 2004.

*Bernadette C. Crucilla*, for appellant.

*Howard Z. Simms, District Attorney, Kimberly S. Schwartz, Assistant District Attorney*, for appellee.

---

[10] (Citation omitted.) Id. at 241.