A04A1031. MYERS v. THE STATE.
(602 SE2d 327)

BLACKBURN, Presiding Judge.

Following a jury trial, Johnny Myers appeals his conviction of possession of cocaine with intent to distribute[1] and of some nondrug-related offenses, contending that the evidence was insufficient for the drug-related conviction and that the court erred in denying his motion for mistrial when a new prosecutor mentioned inadmissible evidence in her opening statement. We hold that the evidence sustained the verdict on the drug offense and that the court's subsequent instruction sufficed to cure the opening statement error. Accordingly, we affirm.

1. Regarding the challenge to the sufficiency of the evidence, the standard of review is clear:

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Myers] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Way v. State.*[2] See *Jackson v. Virginia.*[3]

---

[1] OCGA § 16-13-30 (b).

[2] *Way v. State*, 252 Ga. App. 9 (1) (555 SE2d 230) (2001).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that a police officer initiated a traffic stop of Myers for driving a vehicle with an inoperative taillight and with no left rearview mirror. Following a check of Myers's driver's license, the officer attempted to arrest him for driving with a suspended license. Myers resisted the arrest and fled the scene on foot. With the assistance of other police, the officer chased Myers down and forced him to lie face down on the ground in a wooded area with underbrush. Myers again resisted arrest, kicking the officer and struggling vigorously. After handcuffing and lifting him from the ground, the officer saw two objects lying on the ground that Myers's torso had just covered. One was a cell phone, which Myers claimed was his, and the other was a pill bottle, which Myers disclaimed. Even though this arrest took place on a sunny day on dry ground in the afternoon, the pill bottle was covered with moisture, the only possible source of which was Myers's profuse sweating. The pill bottle contained 11 rocks of cocaine.

Myers was indicted for possessing cocaine with intent to distribute, obstruction of an officer, and various traffic offenses. At trial, the arresting officer was qualified, tendered, and accepted as an expert in the field of purchasing and distributing cocaine. He testified that a person possessing cocaine for personal use carries very little cocaine, generally only one rock which itself can be used several times. Here the bottle contained 11 rocks of cocaine, which at a minimum of $20 a piece amounted to at least $200 in cocaine. Based on this and the other evidence cited above, the jury found Myers guilty on one count of possessing cocaine with intent to distribute,[4] on one count of misdemeanor obstruction of an officer,[5] and on two counts of driving an improperly equipped vehicle.[6] The court sentenced him accordingly.

Myers challenges the sufficiency of the evidence on the drug conviction, claiming that the evidence showed only possession and did not show an intent to distribute. "Although mere possession of cocaine cannot serve as the basis for a conviction for intent to distribute, the intent can be established with expert testimony that the amount of cocaine found was greater than would normally be had for individual use." *Glenn v. State*.[7] Combined with such expert testimony, a large amount of cocaine found on the accused has often sustained convictions for possessing cocaine with intent to distribute.

---

[4] OCGA § 16-13-30 (b).

[5] OCGA § 16-10-24 (a).

[6] OCGA § 40-8-7.

[7] *Glenn v. State*, 251 Ga. App. 336, 338-339 (2) (553 SE2d 323) (2001).

See id. (twelve grams of cocaine); *Guild v. State*[8] (eight rocks of cocaine); *Barker v. State*[9] (thirty-four pieces of cocaine); *Bacon v. State*[10] (9.8 grams of cocaine); *Thomas v. State*[11] (four or five pieces of cocaine). In *Bethea v. State*,[12] cited by Myers, no such expert testimony was presented and therefore the evidence of defendant's possessing 13 rocks of cocaine was alone insufficient to show intent to distribute.

Myers's possession of 11 rocks of cocaine combined with the officer's expert testimony that such far exceeded that possessed for personal use sufficed to sustain a conviction for possessing cocaine with intent to distribute.

2. Myers contends that the trial court should have granted a mistrial when the prosecutor mentioned inadmissible evidence in her opening statement. We hold that the court did not abuse its discretion in giving a curative instruction instead.

In a pre-trial motion, Myers moved to suppress the admission of certain money found in Myers's vehicle following his arrest. In response, the prosecutor agreed not to introduce any evidence found in the vehicle, including the money. This prosecutor was unable to attend the trial, and thus another prosecutor took his place. Unaware of the agreement, the new prosecutor mentioned the money in her opening statement.

When Myers immediately moved for a mistrial, the court denied the motion and gave the jury a curative instruction instead. The court directed the jury "that any comment made by the district attorney in the opening statement concerning funds involved in this, you are to disregard that. You are to totally disregard it as if no mention was made of it. And that will not be a part of any of your deliberations or discussions." Following the instruction, Myers renewed his motion for mistrial, which was denied.

OCGA § 17-8-75 provides:

> Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his

---

[8] *Guild v. State*, 234 Ga. App. 862, 870 (10) (b) (508 SE2d 231) (1998).

[9] *Barker v. State*, 226 Ga. App. 747, 748 (2) (487 SE2d 494) (1997).

[10] *Bacon v. State*, 225 Ga. App. 326, 327 (483 SE2d 894) (1997).

[11] *Thomas v. State*, 222 Ga. App. 337, 338 (474 SE2d 631) (1996).

[12] *Bethea v. State*, 220 Ga. App. 800, 801-803 (1) (470 SE2d 328) (1996).

discretion, he may order a mistrial if the prosecuting attorney is the offender.

Interpreting this statute, the Supreme Court of Georgia has held:

> Where, as here, counsel has made statements regarding prejudicial matters not in evidence before the jury, OCGA § 17-8-75 provides the trial court with discretion to order a mistrial. His or her refusal to do so, coupled with appropriate curative instructions and admonishment of state's counsel, absent manifest abuse, will not be reversed.

(Punctuation omitted.) *King v. State*.[13]

Here the trial court three times instructed the jury to disregard the prosecutor's remarks regarding money. "[A]n instruction to the jury to disregard improper remarks amounts to a rebuke of counsel." *Martin v. State*.[14] In light of this curative instruction and the inadvertent nature of the remark, we discern no abuse of discretion in the trial court's denial of the motion for mistrial.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JULY 20, 2004.

*J. Alvin Leaphart*, for appellant.

*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.

---

[13] *King v. State*, 273 Ga. 258, 274 (30) (539 SE2d 783) (2000).
[14] *Martin v. State*, 196 Ga. App. 145, 147 (2) (395 SE2d 391) (1990).
[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).