## A05A0467. TISE v. THE STATE.
(614 SE2d 832)

BARNES, Judge.

Travis Tise appeals his conviction for possession of cocaine with intent to distribute (OCGA § 16-13-30). He contends that the evidence was insufficient to support his conviction, and that the trial court erred by admitting evidence of an alleged similar transaction. Upon review, we discern no error and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations omitted.) *Massey v. State*, 267 Ga. App. 482, 483 (600 SE2d 437) (2004).

Viewed in this light, the evidence showed that on February 20, 2003, two investigators with the Southwest Georgia Drug Task Force were conducting surveillance of Tise's home before issuing a search warrant. The officers were lying in a wooded area directly across from Tise's house. The officers observed a man leave Tise's house and as he drove away, another man exited the house and attempted to flag the departing car down. When the car did not stop, the man approached the wooded area where the two officers were hidden, picked up a beer bottle lying near one of the officers, and put a plastic bag under the beer bottle. The officers identified the man as Tise. After Tise left, the officers retrieved the plastic bag containing pieces of solid material, which was tested and found to contain crack cocaine. One of the officers testified that "a user doesn't have this amount of crack cocaine and does not hide cocaine in the woods."

1. Tise's possession of the cocaine combined with the officer's expert testimony that the amount in question exceeded that possessed for personal use sufficed to sustain his conviction under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), for possessing cocaine with intent to distribute. See *Guild v. State*, 234 Ga. App. 862, 870 (10) (b) (508 SE2d 231) (1998).

2. Tise also contends that the trial court erred in admitting evidence of a similar transaction. He contends that any probative value of the evidence is outweighed by the prejudicial effect.

The record shows that during the testimony to present evidence of the similar transaction, the State inadvertently presented evidence of the wrong similar transaction, of a 2002 drug case for which

Tise was found not guilty. To the extent that Tise complains about this evidence, we note that Tise did not object to this testimony, and in fact, during cross-examination of the witness, he further expanded upon the witness's testimony that Tise was found not guilty. Because Tise did not object to the admission of this evidence when it was introduced, he has presented nothing for this court to review on appeal regarding this testimony. "Objections presented for the first time on appeal furnish nothing for us to review, for this court is a court for correction of errors of law committed by the trial court where proper exception is taken." (Punctuation and footnote omitted.) *Durrance v. State*, 250 Ga. App. 185 (1) (549 SE2d 406) (2001).

Later, Tise took the stand and under cross-examination, he testified that he had only tried to sell drugs on one occasion. At this point the State presented evidence of the correct similar transaction, which involved a guilty plea for the same offense. Tise objected, but the court stated that it had already ruled that the evidence was admissible and also found that Tise had opened the door by admitting that he has sold drugs on one previous occasion.

Here, the State had filed notice of its intention to present the similar transaction evidence pursuant to Uniform Superior Court Rule 31.3 (A), and following a hearing, the court found that the evidentiary value of the evidence outweighed any prejudicial effect, and that the evidence was admissible to show common design, bent of mind, and course of conduct.

Tise contends that the trial court erred in admitting this similar transaction evidence because its prejudicial impact outweighed its probative value. However, the hearing transcript regarding this evidence is not part of the record. The record includes the State's proffer of the similar transaction and the trial court's order admitting the evidence. The only testimony about the similar transaction was elicited during Tise's cross-examination at which he admitted that he pled guilty to possession of cocaine with the intent to distribute, that the cocaine was in a bottle, and that it was crack cocaine. Given the absence of the evidence presented to the trial court at the hearing on the similar transaction, it is impossible for this court to effectively review the trial court's ruling regarding the similar transaction evidence.

> In order for the appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the record those items which will enable the appellate court to perform an objective review of the evidence and proceedings. It is appellant's obligation to provide the record substantiating his claim, and in its absence, we must affirm as to that issue.

(Citations and punctuation omitted.) *Thompson v. State*, 269 Ga. App. 77 (603 SE2d 684) (2004).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MAY 9, 2005.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Richard L. Parker, Assistant District Attorney*, for appellee.