## A08A0411. MARSHALL v. THE STATE.
(661 SE2d 662)

MIKELL, Judge.

Dewey Marshall was found guilty of possession of cocaine with intent to distribute[1] (Count 1) and possession of cocaine (Count 2). The trial court merged Count 2 into Count 1 and sentenced Marshall to a term of forty years, consisting of ten years in prison and thirty years on probation, plus a $5,000 fine. On appeal following the grant of his motion for an out-of-time appeal, Marshall argues that the evidence was insufficient to prove intent to distribute and that the fine was not authorized by law. We disagree with these assertions and affirm Marshall's conviction and sentence.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the evidence shows that on July 2, 2005, Lt. Travis Jarrell of the Commerce Police Department, who worked at one time for the Northeast Georgia Drug Task Force, stopped a Jeep on a road in Commerce for a tag violation. Jarrell testified that he smelled alcohol when he approached the Jeep, and he called for backup because there were three people inside the vehicle. A woman was driving, a man was sitting in the front passenger seat, and Marshall was sitting in the back. Jarrell determined that the front seat passenger, not the driver, had been drinking, and he asked them to stand in front of the patrol car. The driver gave Jarrell permission to search the vehicle, and he asked Marshall to exit the Jeep. As Marshall walked to stand alongside the other occupants of the vehicle, he began walking backward, and Jarrell saw him reach into

---

[1] OCGA § 16-13-30 (b).

[2] (Citation omitted.) *Tise v. State*, 273 Ga. App. 201 (614 SE2d 832) (2005).

his left rear pocket and toss something onto the ground. Officer Scott Rogers, who retrieved the bag from the ground, testified that it contained "a yellow rock-like substance that appeared to be crack cocaine in two quantities. One bag had a very large — substantial amount of it with a little bit in a small bag." A forensic chemist from the state crime lab confirmed that the substance was cocaine and that it weighed 6.77 grams.

Jarrell, who was tendered as an expert witness, testified, based on his training and experience, that a person who uses crack cocaine usually possesses less than one gram, while the amount seized in this case would indicate possession with the intent to distribute. He also testified that street value of cocaine is approximately $100 per gram; and that someone who buys cocaine for personal use usually buys a "rock," which could be four-tenths to one-half a gram and sell for $20 to $50, depending on size.

1. Marshall contends that the evidence shows, at most, mere possession of cocaine, and is insufficient to prove intent to distribute. Specifically, he argues that the quantity of cocaine seized, which, according to his interpretation of the evidence, showed 13 "uses" of cocaine, did not suggest a plan to distribute it; that Jarrell did not testify to any reason why this amount would be inconsistent with personal consumption; and that there was no circumstantial evidence of intent to distribute, such as cash or scales.

"Although mere possession of cocaine cannot serve as the basis for a conviction for intent to distribute, the intent can be established with expert testimony that the amount of cocaine found was greater than would normally be had for individual use."[3] In the case at bar, Jarrell was qualified as an expert. He testified that he was trained to distinguish between the quantities possessed for personal use and the quantities possessed for the purpose of distribution. Jarrell further testified that, based on his training and experience, a person who possesses between six-and-a-half and seven grams of cocaine typically intends to distribute it, while a person who possesses cocaine for personal use typically purchases a single rock. This evidence is sufficient to support the jury's finding beyond a reasonable doubt that Marshall possessed the cocaine with intent to distribute.[4]

---

[3] (Citation, punctuation and footnote omitted.) *Myers v. State*, 268 Ga. App. 607, 608 (1) (602 SE2d 327) (2004).

[4] See *Tise*, supra at 201 (1) (possession of unspecified amount of cocaine combined with the officer's expert testimony that the amount exceeded that possessed for personal use sufficed to sustain conviction for possession with intent to distribute); *Myers*, supra at 609 (1) (possession of 11 rocks of cocaine combined with the officer's expert testimony that such far exceeded that possessed for personal use sufficed to sustain a conviction); *Watkins v. State*, 253 Ga. App. 382, 385 (3) (559 SE2d 133) (2002) (testimony that amount of money and cocaine was

*Greene v. State*,[5] cited by Marshall, is distinguishable, because in that case there was no testimony that the amount of cocaine the defendant was carrying was consistent with amounts usually carried for sale or distribution.[6]

2. Marshall next contends that the trial court erred in imposing a $5,000 fine as a condition of his probation, because the statute under which he was sentenced, OCGA § 16-13-30 (d), mandates imprisonment as a penalty but does not provide for monetary fines.[7] This enumeration of error fails, because OCGA § 17-10-8 permits the trial judge to impose a fine as a condition of probation.[8] In this case, the trial judge sentenced Marshall to the mandatory minimum of ten years imprisonment, plus thirty years on probation. The fine was authorized by OCGA § 17-10-8.[9]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 24, 2008.

*Donna A. Seagraves*, for appellant.
*Richard K. Bridgeman, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

consistent with drug sales was sufficient to support verdict of intent to distribute); *Bacon v. State*, 225 Ga. App. 326-327 (483 SE2d 894) (1997) (affirming conviction of possession with intent to distribute cocaine where officers testified that 9.8 grams would be "extremely unusual" for one person to have for personal use and that typical user would purchase only one-half gram at a time); *Thomas v. State*, 222 Ga. App. 337, 338 (474 SE2d 631) (1996) (same; small ziplock bag with four or five pieces of crack cocaine).

[5] 230 Ga. App. 155 (495 SE2d 634) (1998).

[6] Id. at 156-157 (2). See also *Parris v. State*, 226 Ga. App. 854, 856 (487 SE2d 690) (1997) (conviction of possession of marijuana with intent to distribute vacated where state failed to offer expert testimony that the amount of marijuana or its packaging indicated distribution); *McNair v. State*, 226 Ga. App. 516, 517 (1) (487 SE2d 100) (1997) (conviction of possession of cocaine with intent to distribute vacated because officer who testified that the amount was consistent with distribution was not qualified as an expert).

[7] Because Marshall was convicted "of a second or subsequent offense," OCGA § 16-13-30 (d) mandated that he "be imprisoned for not less than ten years nor more than 40 years or life imprisonment."

[8] OCGA § 17-10-8 provides, in pertinent part, as follows: "In any case where the judge may, by any law so authorizing, place on probation a person convicted of a felony, the judge may in his discretion impose a fine on the person so convicted as a condition to such probation. The fine shall not exceed $100,000.00."

[9] See *Lester v. State*, 190 Ga. App. 59, 61 (378 SE2d 364) (1989). Compare *Rawls v. State*, 210 Ga. App. 408, 409 (436 SE2d 527) (1993) (fines imposed as penalty for conviction of possession of cocaine with intent to distribute unauthorized because judge did not award probation).