### A08A1348. HANCOCK v. THE STATE.
(667 SE2d 437)

MIKELL, Judge.

After a jury trial in the Jackson County Superior Court, Jerrold Maurice Hancock was convicted of trafficking in cocaine and possession of cocaine as a lesser included offense of possession with intent to distribute cocaine.[1] Hancock was acquitted of possession with intent to distribute. On appeal, Hancock argues that the evidence was insufficient to convict him of trafficking in cocaine. We disagree and affirm.

> On appeal from a criminal conviction, this court views the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. This court neither weighs the evidence nor judges the credibility of witnesses, but only determines whether the evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty of the crime beyond a reasonable doubt.[2]

So viewed, the record shows that Deputy Gary Brewer of the Jackson County Sheriff's Office testified that he was on patrol on April 9, 2004, when he assisted Deputy David Loudermilk with a traffic stop at approximately 9:26 p.m. As he approached the stopped vehicle, he saw the passenger drop something from the window. As he approached the vehicle with his flashlight, he observed that the item appeared to be crack cocaine. Deputy Brewer identified appellant as the passenger in the vehicle on the night in question. On cross-examination, Deputy Brewer testified that when he searched Hancock, he did not find any item on his person that was related to drugs.

Loudermilk, who was no longer employed with the sheriff's office at the time of trial, testified that he pulled over a black pickup truck for a turn signal violation on April 9, 2004. After learning from Deputy Brewer that drugs had been dropped from the window, he removed the driver from the truck, and Deputy Brewer removed

---

[1] Hancock was tried jointly with Jerry Lamar Wingfield, whose conviction is not at issue in this appeal.

[2] (Footnote omitted.) *Davis v. State*, 285 Ga. App. 315 (645 SE2d 753) (2007).

Hancock. Both men were patted down and Loudermilk felt a bulge in the driver's pocket, which he removed and discovered was more than $2,000 in cash. Loudermilk secured the drugs and money and surrendered them to the evidence custodian at the sheriff's office.

Lieutenant Jim Askey, a narcotics investigator with the Jackson County Sheriff's Office, testified that he conducted a field test on the substance collected and determined that it contained twenty-two grams of crack cocaine and nine grams of powder cocaine. Askey testified that the amount of drugs recovered was not typical of that found in the possession of the average cocaine user and that its street value was approximately $3,000. Forensic chemist Unaiza Ali testified that the substances tested positive for cocaine and weighed 22.14 grams and 9.03 grams, with a purity level that exceeded ten percent.

Hancock testified that earlier during the day, he and co-defendant Wingfield were playing horseshoes at Wingfield's home. They left Wingfield's home to visit a girl and, en route, were stopped by the police. According to Hancock, while waiting for the officers to approach the truck, some drugs were thrown into his lap and he panicked, picked them up, and threw them out of the window. Hancock maintained that he had never witnessed a drug transaction involving Wingfield, had not sold or purchased cocaine before the stop, and did not know that there was cocaine in the vehicle. The state established that Hancock had three prior felony convictions: financial transaction card fraud, possession of cocaine and marijuana, and forgery.

On appeal, Hancock raises the single enumeration of error that his conviction for trafficking in cocaine must be reversed because there is no evidence that he "knowingly" possessed a trafficking amount of cocaine in violation of OCGA § 16-13-31.[3] In so doing, Hancock relies on *Greene v. State*,[4] in which we held that the state was required to prove more than mere possession to support a conviction for possession of cocaine with intent to distribute.[5] In that case, the defendant was observed loitering in a known drug area and when he was approached by the police, he threw down 20 pieces of crack cocaine.[6] There was no proof that the defendant possessed drug paraphernalia or large sums of money upon his arrest, nor that the amount of cocaine that he was carrying was consistent with amounts

---

[3] OCGA § 16-13-31 (a) (1) provides that "[a]ny person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . commits the felony offense of trafficking in cocaine."

[4] 230 Ga. App. 155 (495 SE2d 634) (1998).

[5] Id. at 156 (2).

[6] Id. at 155-156.

usually carried by drug dealers or was packaged in a manner suited for convenient distribution.[7] These factors, however, weigh on the element of the "intent to distribute" cocaine. Here, Hancock was convicted of trafficking in cocaine, and in order to convict a defendant for trafficking cocaine, the state is not required to prove an intent to distribute.[8] Thus, *Greene* is inapposite here. Rather, the determination of Hancock's guilt or innocence depended largely on whether the jury believed his version of the events. Based upon the verdict, it is clear that the jury did not believe Hancock, and the decision as to whether to believe a witness's testimony is solely within the province of the jury.[9] Accordingly, the evidence sufficiently supports Hancock's conviction for trafficking in cocaine.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 18, 2008.

*Donna A. Seagraves, Mary Erickson*, for appellant.
*Richard K. Bridgeman, District Attorney, Kristopher M. Bolden, Assistant District Attorney*, for appellee.

---

[7] Id. at 156 (2).

[8] See *Moran v. State*, 170 Ga. App. 837, 841 (2) (318 SE2d 716) (1984).

[9] See *Beard v. State*, 242 Ga. App. 742 (531 SE2d 168) (2000) ("[a] jury is authorized to believe or disbelieve all or any part of the testimony of witnesses") (citation and punctuation omitted). See also *Duggan v. State*, 285 Ga. App. 273, 274 (1) (645 SE2d 733) (2007) (conviction affirmed where jury disbelieved defendant's testimony that he was simply a passenger in the car with others when they committed several crimes).