## A09A0427. WINGFIELD v. THE STATE.

(677 SE2d 704)

JOHNSON, Presiding Judge.

A jury found Jerry Lamar Wingfield guilty of trafficking in cocaine and possession of cocaine as a lesser included offense of possession with intent to distribute.[1] On appeal, Wingfield claims that the trial court erred in (i) denying his motion for a directed verdict, (ii) not rebuking the prosecutor or granting his motion for a mistrial based on a statement made by the prosecutor in closing argument, and (iii) not providing him with the opportunity to address that statement in a concluding argument. For the reasons that follow, we affirm.

1. Wingfield first claims that the trial court erred in denying his motion for a directed verdict. The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction.[2] That is, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence.[3] "This court neither weighs the evidence nor judges the credibility of witnesses, but only determines whether the evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty of the crime beyond a reasonable doubt."[4]

So viewed, the record shows that at approximately 9:30 p.m. on April 9, 2004, police officers with the Jackson County Sheriff's Office conducted a traffic stop on Wingfield's truck. As the officers approached, one of them saw Wingfield's passenger extend his hand out the truck window and drop what appeared to be bags of crack and powder cocaine.[5] The officers patted down both men, and one officer found "a big bulk" in Wingfield's pocket that contained over $2,000 in cash.

At trial, a forensic chemist with the Georgia Bureau of Investigation testified that the bags dropped out of Wingfield's truck contained approximately 31 grams of cocaine with a purity level of approximately 80 percent. A narcotics investigator testified that the amount of cocaine contained in the bags was not a typical amount for a cocaine user and that its street value was approximately $3,000. Finally, Wingfield's passenger testified that he dropped the drugs out

---

[1] The possession count merged into the trafficking count for sentencing purposes.

[2] *Shelton v. State*, 279 Ga. 161, 162 (3) (611 SE2d 11) (2005).

[3] *Davis v. State*, 285 Ga. App. 315 (645 SE2d 753) (2007).

[4] (Citation and punctuation omitted.) Id.

[5] The passenger, who was later identified as Jerrold Maurice Hancock, was tried jointly with Wingfield, but Hancock's conviction is not at issue in this appeal. See *Hancock v. State*, 293 Ga. App. 595 (667 SE2d 437) (2008).

of the truck after Wingfield threw them in his lap.

Wingfield claims that the evidence was insufficient to adequately exclude the possibility that the cocaine belonged solely to his passenger. While Wingfield properly points out that the testimony of an accomplice is not sufficient, standing alone, to support a felony conviction,[6] independent corroborating evidence connects Wingfield to the cocaine.[7] Not only was Wingfield found to have more than $2,000 in his pocket,[8] but he was also the owner and driver of the truck from which the drugs were thrown. "[A] presumption arises that a person in control of an automobile possesses contraband found therein. In addition, the law recognizes that possession may be actual or constructive, sole or joint."[9]

The sufficiency of the corroborating evidence required to accompany the testimony of an accomplice is a matter for the jury, "and if the verdict is based upon the slightest evidence of corroboration connecting an accused to a crime, even if it is circumstantial, it is legally sufficient."[10] The corroboration "need not be sufficient to warrant a guilty verdict or prove every material element of the crime; it need only tend to connect and identify the defendant with the crime charged."[11] Viewing the evidence in the light most favorable to the verdict, we find it sufficient to sustain Wingfield's convictions.[12]

2. Wingfield also claims that the trial court failed to properly respond during closing argument when the prosecutor stated that Wingfield was "in the business of dealing drugs." Wingfield alleges that the trial court should have either rebuked the prosecutor or granted a mistrial. Wingfield also asserts that the trial court should have provided him with the opportunity to address the prosecutor's statement in a concluding argument in addition to the closing argument he had already presented. We disagree.

As a general rule, prosecutors are granted wide latitude in conducting closing argument, and defining the bounds of such argument is within the trial court's discretion. This "wide latitude" encompasses the prosecutor's ability to

---

[6] See OCGA § 24-4-8.

[7] See *Meridy v. State*, 265 Ga. App. 440, 442 (2) (594 SE2d 378) (2004).

[8] See *Dent v. State*, 233 Ga. App. 605, 606 (1) (506 SE2d 641) (1998).

[9] (Citations and punctuation omitted.) *Navicky v. State*, 245 Ga. App. 284, 285-286 (3) (537 SE2d 740) (2000).

[10] (Citation and punctuation omitted.) *Meridy*, supra.

[11] (Citation and punctuation omitted.) Id.

[12] See *Navicky*, supra at 286 (3).

argue reasonable inferences raised by the evidence.[13]

Here, the evidence presented to the jury was that Wingfield possessed a trafficking amount of cocaine[14] and over $2,000 in cash in his pocket. As the prosecutor's statement was a reasonable inference drawn from the evidence, the trial court did not err in overruling Wingfield's objection to the statement or in failing to rebuke the prosecutor, grant a mistrial, or provide Wingfield with an opportunity to address the statement in addition to the closing argument he had already been provided pursuant to OCGA § 17-8-71.[15]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 13, 2009.

*Robert D. Lenhardt*, for appellant.
*Richard K. Bridgeman, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[13] (Citation and punctuation omitted.) *Ballard v. State*, 268 Ga. App. 55, 61 (5) (d) (601 SE2d 434) (2004).

[14] See OCGA § 16-13-31 (a) (1).

